IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHELE RICCI** : | CIVIL ACTION |
| **6103 WALNUT AVENUE** : | |
| **MERCHANTVILLE, NJ 08109** : | |
| : | |
| VS. : | |
| : | |
| **AETNA, INC., D/B/A** : | |
| **AETNA U.S. HEALTHCARE AND** : | |
| **AETNA LIFE INSURANCE COMPANY** : | |
| **980 JOLLY ROAD** : | |
| **BLUE BELL, PA 19422** : | NO. |

**COMPLAINT
AND
DEMAND FOR JURY TRIAL**

Plaintiff, Michele Ricci, by and through her attorney, Theodore A. Schwartz, Esquire, hereby makes a claim for damages against the Defendant and, in support thereof, avers the following:

**STATEMENT OF JURISDICTION**

1. Plaintiff, Michele Ricci, is an adult individual and citizen of the State of New Jersey, residing at the above captioned address. Further, at all times relevant hereto, Ricci was a citizen of the Commonwealth of Pennsylvania at 22 Yale Square, Morton, PA 19070.

2. Defendant, Aetna, Inc., d/b/a Aetna U.S. Healthcare and Aetna Life Insurance Company at the above captioned address, is a corporation or other business entity registered to do business in Pennsylvania and does so at the above captioned address. Further, Aetna, Inc., d/b/a Aetna U.S. Healthcare and Aetna Life Insurance Company, maintains its

corporate headquarters at 151 Farmington Avenue, Hartford, Connecticut 06156-2970. Defendant, Aetna, Inc., d/b/a Aetna U.S. Healthcare and Aetna Life Insurance Company will be hereinafter referred to as defendant "Aetna".

3. At all times relevant and material hereto, defendant, Aetna, appeared to be acting by and through its agents, servants, employees, representatives and/or independent contractors, who were engaged in its business and within the course and scope of their employment and/or in the furtherance of defendant, Aetna's business.

4. By virtue of the diversity of citizenship of the above parties to this litigation, and the fact that the sum in controversy set forth in the foregoing Factual Background, is in excess of Seventy-Five Thousand ($75,000.00) Dollars, Plaintiff is advised, believes and, therefore, avers that this Honorable Court has original jurisdiction of this action pursuant to 28 U.S.C.A. § 1332 et. seq. Alternatively, this Honorable Court has original jurisdiction of this action pursuant to 28 U.S.C.A. § 1331 because of the application of Federal Law under the Employee Retirement Income Security Act, 29 U.S.C.A. § 1132 et. seq.

## FACTUAL BACKGROUND

5. On or about January 26, 1996 and for a period of time prior thereto, Plaintiff, Michele Ricci, hereinafter referred to as "Ricci", was an employee of Covance Incorporated.

6. On or about January 26, 1996 Ricci was an insured on a long term disability contract of insurance provided by Aetna and made available to her through her employer, Covance, which provided a monthly benefit for total disability benefits of approximately One Thousand Seven Hundred Six Dollars and Twenty-Five ($1,706.25) Cents per month

to Ricci for a maximum period of entitlement expiring on the day Ricci would attain the age of sixty-five (65), if Ricci became disabled under the terms and conditions of the insurance contract. A true and correct copy of the contract of insurance in effect as of January 26, 1996 cannot be attached to this Complaint as an Exhibit because the contract is in the possession of defendant, Aetna, despite a demand by Ricci through counsel to acquire the contract, defendant, Aetna, has not tendered the contract.

7. In January of 1995, while in the employ of Covance, Ricci began to develop a physical condition known as Chronic Fatigue Syndrome, also known as Myalgic Encephalomyelitis.

8. Ricci's Chronic Fatigue Syndrome progressed to a point that she developed extreme fatigue and other debilitating aliments making it extremely difficult for her to work on a daily basis rendering her disabled pursuant to the terms of Aetna's long term disability contract.

9. As a result, on or about January 26, 1996 Ricci applied for long term disability benefits under the Aetna contract of insurance. A true and correct copy of Aetna's required application form entitled "LTD/PTD Attending Physician's Statement" is attached hereto, made a part hereof and marked as **Exhibit "A"**.

10. On May 15, 1996 Ricci's application for long term disability benefits under the Aetna contract, was accepted and a determination was made that Ricci was totally disabled from her usual occupation according to the terms of the insurance contract. A true and

correct copy of the May 15, 1996 letter from defendant, Aetna, to Ricci is attached hereto, made a part hereof and marked as **Exhibit "B".**

11. Plaintiff believes and therefore avers that the contract of insurance hereinbefore referred to provided that Aetna pay long term disability benefits to Ricci unless "if after the first twenty-four (24) months of disability benefits, it is determined that your disability is caused by a mental condition, then your period of disability will end." Thus, the contract of long term disability insurance provided by Aetna to Ricci was premised upon the fact that being eligible for benefits after the first twenty-four (24) months, Ricci would need to be disabled based on a physical condition.

12. Defendant, Aetna, paid Ricci long term disability benefits from January 26, 1996 up to and including July 1, 2001.

13. Throughout the period of time between January 26, 1996 and July 1, 2001, Plaintiff was treated and evaluated on a continuous basis by Stephen L. Schwartz, M.D. who confirmed the diagnosis of Chronic Fatigue Syndrome and disability. Further, during the abovementioned period of time, Ricci was subjected to multiple independent medical evaluations, paid for and procured by defendant, Aetna, the results of which confirmed the diagnosis of Ricci's Chronic Fatigue Syndrome and disability. An example of one such independent medical evaluation report is authored by Russell J. Stumacher, M.D. and dated January 29, 1999, a true and correct copy of which is attached hereto, made a part hereof and marked as **Exhibit "C"**.

14. Notwithstanding the above, on or about June 28, 2001 defendant, Aetna, indicated that as of July 1, 2001, it would discontinue paying disability benefits to Ricci under the policy saying that "Since you are being treated by Dr. Schwartz for a psychological/psychiatric condition, and you are not being treated by a physician for a physical disability, your long term disability benefits will terminate as of July 1, 2001."

15. Defendant, Aetna, upon procured medical opinions and independent medical evaluations and through its own practices denied benefits to Ricci without any reasonable basis, willfully, wantonly, in bad faith and in reckless indifference to the existence of Ricci's serious, debilitating and permanent physical condition known as Chronic Fatigue Syndrome rendering her disabled and unable to be employed, when defendant, Aetna, knew that Ricci's Chronic Fatigue Syndrome was caused by a physical condition. A true and correct copy of the June 28, 2001 letter denying/terminating long term disability benefits as of July 1, 2001 is attached hereto, made a part hereof and marked as **Exhibit "D"**.

16. On or about August 15, 2001 Ricci appealed defendant, Aetna's June 28, 2001 determination to deny/terminate long term disability benefits. A true and correct copy of the August 15, 2001 letter regarding Ricci's wish to appeal this determination is attached hereto, made a part hereof and marked as **Exhibit "E"**.

17. As part of the letter dated August 15, 2001, the Plaintiff submitted as an enclosure, specifically an August 14, 2001 letter from Stephen L. Schwartz, M.D., in which Dr. Schwartz stated, inter alia, "my care of her has been directed to the sequelae of her Chronic Fatigue condition", "my treatment has been directed at the secondary symptoms,

as opposed to the basic disorder, her Chronic Fatigue, which is a complex condition representing an, as yet, inadequately explained physical medical disorder." See **Exhibit "E"**.

18. On November 19, 2001, defendant, Aetna, mailed Ricci's counsel a letter with attachments indicating that the attachments represented all the documents that defendant, Aetna, used in making their claim determination to deny/terminate long term disability benefits to Ricci. A true and correct of the November 19, 2001 letter and attachment is attached hereto, made a part hereof and marked as **Exhibit "F"**.

19. On December 19, 2001, defendant, Aetna, despite its knowledge and possession of medical proof to within a reasonable degree of medical certainty indicating that Ricci's Chronic Fatigue Syndrome condition was caused primarily by a physical condition and contained secondary mental sequelae without any reasonable basis, willfully, wantonly and recklessly upheld its complete denial/termination of Ricci's long term disability benefits. A true and correct copy of the December 19, 2001 letter is attached hereto, made a part hereof and marked as **Exhibit "G"**.

20. At all times relevant and material hereto, defendant, Aetna, has denied coverage and refused to honor its contract of insurance with Ricci when Aetna knew or should have known that Ricci's disability was caused by a physical condition known as Chronic Fatigue Syndrome and not a mental condition.

21.  At all times relevant and material hereto, and for a long time prior thereto, Plaintiff, Ricci, has duly performed all the terms and conditions of said policy on her part to be performed.

## FIRST CLAIM FOR RELIEF
### MICHELE RICCI VS. AETNA, INC., D/B/A AETNA U.S. HEALTHCARE AND AETNA LIFE INSURANCE COMPANY
### (BREACH OF CONTRACT)

22.  Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1 through 21, as if the same were set forth herein at length.

23.  In accordance with the above mentioned insurance contract terms, conditions, rights and obligations, Ricci made and continues to make a claim for monthly benefits for long term disability under her Aetna contract retroactive to July 1, 2001 through the present and into the future until Ricci reaches the age of sixty-five (65).

24.  Upon information and belief, defendant, Aetna, improperly, unjustifiably and unconscionably denied benefits under the policy which resulted in a wrongful denial and termination of benefits to Ricci.

25.  In furtherance of defendant, Aetna's intent to disregard the terms of the contract, defendant, Aetna, summarily rejected Ricci's medical evidence of total disability as well as the common knowledge that Chronic Fatigue Syndrome is a physical condition with secondary mental sequelae in an effort to deny benefits due and payable to Ricci and insured under the contract.

26. As a consequence of defendant, Aetna's repudiation of its contractual obligations, Ricci has been deprived of her mandatory contractual right to receive monthly benefits of approximately One Thousand Seven Hundred Six Dollars and Twenty-Five ($1,706.25) Cents per month payable until May 19, 2031 when Ricci attains the age of sixty-five (65).

27. As a further consequence of defendant, Aetna's breach of the contract of long term disability benefits, Plaintiff, Ricci, has incurred and will continue to incur counsel fees, litigation costs and expenses and loss of use of benefits payable and earnings thereon in the current and future economic market.

**WHEREFORE**, Plaintiff, Michele Ricci, demands judgment in her favor against defendant, Aetna, Inc., d/b/a Aetna U.S. Healthcare and Aetna Life Insurance Company, jointly and severally, for compensatory and incidental damages in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus attorneys fees, expenses, costs and interest from July 1, 2001 through the present and on a monthly basis until Plaintiff, Ricci, reaches the age of sixty-five (65).

**SECOND CLAIM FOR RELIEF**
**PLAINTIFF, MICHELE RICCI VS. AETNA, INC., D/B/A U.S. HEALTHCARE AND AETNA LIFE INSURANCE COMPANY**
**(BAD FAITH)**

28. Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1 through 27, as if the same were set forth herein at length.

29.     By reason of the foregoing false, deceptive, fraudulent and outrageous conduct with the dishonest purpose to deny long term disability benefits to Plaintiff, Ricci, defendant, Aetna, has acted contrary to medical evidence showing a physical disorder, and continues to act with ill will and frivolous refusal to pay long term disability benefits, constituting bad faith declared unlawful under Pennsylvania's Bad Faith Statute, § 42 Pa.C.S.A. § 8371; common law/statutory bad faith under Connecticut law; and common law/statutory bad faith under New Jersey law entitling Ricci to punitive damages, court costs, attorneys fees and interest on the amount of the claim equal to the prime rate of interest plus three percent (3%) from July 1, 2001 through the present and on a monthly basis going forward until Plaintiff attains the age of sixty-five (65).

**WHEREFORE**, Plaintiff, Michele Ricci, demands judgment against the defendant, Aetna, Inc., d/b/a Aetna U.S. Healthcare and Aetna Life Insurance Company, jointly and severally, for compensatory and punitive damages in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus attorneys fees, costs, expenses and interest from July 1, 2001 through the present and on a monthly basis going forward up to when Plaintiff, Ricci, attains the age of sixty-five (65).

### THIRD CLAIM FOR RELIEF
### PLAINTIFF, MICHELE RICCI VS. AETNA, INC., D/B/A U.S. HEALTHCARE AND AETNA LIFE INSURANCE COMPANY
### (ACTION FOR DECLARATORY JUDGMENT)

30.     Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1 through 29, as if the same were set forth herein at length.

31. Based upon defendant, Aetna's conduct breaching the contract of long term disability insurance, its bad faith, the Factual Background set forth hereinabove, as well as further facts and causes of action which will be set forth hereinbelow, Plaintiff alleges that there is an actual controversy between the parties to this action, requiring this Honorable Court's intervention in the form of a declaratory judgment pursuant to 42 Pa.C.S.A. § 7531 et. seq. and Pennsylvania common law; Connecticut C.G.S.A. § 52-29 et. seq. as well as common law; and N.J.S.A. 2A:16-50 et. seq. as well as other sections of the Declaratory Judgment Act in New Jersey and common law.

**WHEREFORE**, Plaintiff prays that:

(1) The Court enter a Declaratory Judgment that the contract of insurance between Plaintiff, Ricci, and defendant, Aetna, under the facts presented, compel defendant, Aetna, to continue to pay Plaintiff, Ricci, long term disability benefits retroactive to July 1, 2001 to the present and into the future until Plaintiff, Ricci, attains the age of sixty-five (65); and

(2) The Court grant Plaintiff attorneys fees, costs and any other further relief as may be proper.

**FOURTH CLAIM FOR RELIEF**
**PLAINTIFF, MICHELE RICCI VS. AETNA, INC., D/B/A U.S. HEALTHCARE AND AETNA LIFE INSURANCE COMPANY**
**(STATUTORY VIOLATIONS OF PENNSYLVANIA LAW; CONNECTICUT LAW AND NEW JERSEY LAW)**

32. Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1 through 31, as if the same were set forth herein at length.

33. Plaintiff, Ricci, being an insured under defendant, Aetna's contract of long term disability insurance sustained an ascertainable loss of money as a result of defendant, Aetna's unfair and deceptive acts or practices declared unlawful under the following statutes:

 (1) The Unfair Insurance Practices Act 40, Pa.C.S.A. § 1171.1 et. seq.;

 (2) Pa.C.S.A. § 472;

 (3) Pa.C.S.A. § 201-1 et. seq.;

 (4) The Unfair Trade Practices Act of Connecticut, § 42-110 (a) et. seq.;

 (5) The Unfair Insurance Practices Act of Connecticut, § 38(a) -815 et. seq.;

 (6) The Unfair Claims Settlement Practices Act of New Jersey N.J.S.A. 17 (B): 30 - 13.1; and

 (7) The Unfair Methods of Competition/Unfair or Deceptive Act or Practices Act in New Jersey N.J.S.A. 17:29 B-4.

34. Defendant, Aetna's unfair and deceptive acts or practices in violation of the above statutes and/or their subsections, includes, but is not limited to:

(a) making, publishing, issuing and/or circulating disability insurance policies and/or statements misrepresenting the benefits, advantages, conditions and terms of the said policy such as Ricci's;

(b) making, publishing, issuing, and/or circulating in any manner an advertisement or statement containing misrepresentations or statements with respect to the business of insurance which was untrue, deceptive or misleading;

(c) engaging in a course of conduct as to indicate a business practice constituting unfair claims settlement or a compromised practices, including, but not limited to:

(1) misrepresenting pertinent facts or policy provisions relating to the disability coverage at issue;

(2) failing to adopt an implemented reasonable standards for the prompt investigation of disability claims arising under the policy in question;

(3) refusing to pay disability claims without conducting a reasonable investigation based upon all available information;

(4) not attempting in good faith to effectuate the prompt, fair and equitable settlement of the Ricci claim in which the Defendant, Aetna's liability under the contract/policy became reasonably and immediately clear;

(5) compelling persons, such as Ricci to institute litigation to recover amounts due under the long term disability contract/policy of insurance by denying coverage based upon an incomplete, unreasonable and biased investigation designed to avoid payment of any benefits due under the policy; and

(6) making false or fraudulent statements or representations on or relative to the application for disability insurance, including the promise to pay monthly disability benefits to Ricci from January 26, 1996 through May 19, 2031.

35. Further, defendant, Aetna's unfair and/or deceptive acts or practices included but were not limited to:

(a) causing the likelihood of complete confusion or misunderstanding as to the approval or certification of services;

(b) representing that the policy has characteristics, uses or other benefits that it did not have;

(c) advertising the policy with intent not to sell it as advertised;

(d) advertising the policy with intent not to supply reasonably expectable public demand;

(e) failing to comply with the terms of any written guaranty or warranty given to Ricci after Ricci was an insured with vested rights under the long term disability contract of insurance issued by defendant, Aetna; and

(f) engaging in the aforementioned fraudulent or deceptive conduct which created a likelihood of confusion or misunderstanding.

36. Defendant, Aetna, engaged in unfair and deceptive acts as well as past and ongoing intentional misrepresentations and a deceitful course of conduct as outlined hereinabove by promising to continue payment of long term disability benefits to Plaintiff, Ricci, which defendant, Aetna, never intended to pay on the basis of biased, incomplete and inaccurate medical opinions leading to an intentional and wanton failure on behalf of defendant, Aetna, to reasonably investigate the basis of Plaintiff's physical condition, that being Chronic Fatigue Syndrome, and residual mental sequelae, for the calculated purpose of denying benefits and payment to Plaintiff, Ricci.

**WHEREFORE,** Plaintiff, Michele Ricci, demands judgment in her favor against defendant, Aetna, Inc., d/b/a Aetna U.S. Healthcare and Aetna Life Insurance Company, jointly and severally, for compensatory and punitive damages in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, treble damages, plus attorneys fees, costs, expenses and interest from July 1, 2001 through the present and on a monthly basis going forward until Plaintiff, Ricci, attains the age of sixty-five (65), as well as any other relief allowed under applicable Pennsylvania, Connecticut and New Jersey law.

**FIFTH CLAIM FOR RELIEF**

## PLAINTIFF, MICHELE RICCI VS. AETNA, INC., D/B/A U.S. HEALTHCARE AND AETNA LIFE INSURANCE COMPANY
## (VIOLATION OF ERISA , 29 U.S.C.A. §§ 1001 et. seq.)

37. Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1 through 36, as if the same were set forth herein at length.

38. As a consequence of defendant, Aetna's conduct described above, defendant, Aetna, has violated the provisions of the Employee Retirement Income Security Act (ERISA), 29 U.S.C.A. §§ 1001 et. seq. in general, and as a result, Ricci is entitled to the remedies set forth specifically in 29 U.S.C.A. § 1132 (a) (1) (A) and (B) et. seq. and any other section of ERISA providing for civil remedies.

**WHEREFORE**, Plaintiff, Michele Ricci, demands judgment in her favor against defendant, Aetna, Inc., d/b/a Aetna U.S. Healthcare and Aetna Life Insurance Company, jointly and severally, for compensatory, incidental and punitive damages in an a mount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus attorneys fees, expenses, costs and interest from July 1, 2001 through the present and on a monthly basis until Plaintiff, Ricci, reaches the age of sixty-five (65), and any other relief provided under ERISA.

**M. MARK MENDEL, LTD.**

BY: _____
**THEODORE A. SCHWARTZ, ESQUIRE
ATTORNEY I.D. NO. 09256
KENNETH B. GREAR, ESQUIRE
ATTORNEY I.D. NO. 81608
ATTORNEYS FOR PLAINTIFF**

**1620 LOCUST STREET**
**PHILADELPHIA, PA 19103-6392**
**TELEPHONE NO. (215) 732-7200**
**FAX NO. (215) 546-3277**

**DATE:** _____

g:\tas\Ricci\C-ricci