## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHELE RICCI** | : | **CIVIL ACTION** |
| **6103 WALNUT AVENUE** | : | |
| **MERCHANTVILLE, NJ 08109** | : | |
| | : | |
| **VS.** | : | |
| | : | |
| **AETNA, INC., D/B/A** | : | |
| **AETNA U.S. HEALTHCARE AND** | : | |
| **AETNA LIFE INSURANCE COMPANY** | : | |
| **980 JOLLY ROAD** | : | |
| **BLUE BELL, PA 19422** | : | **NO.** |

### AMENDED COMPLAINT
### AND
### DEMAND FOR JURY TRIAL

Plaintiff, Michele Ricci, by and through her attorney, Theodore A. Schwartz, Esquire, hereby makes a claim for damages against the Defendant and, in support thereof, avers the following:

### STATEMENT OF JURISDICTION

1.     Plaintiff, Michele Ricci, is an adult individual and citizen of the State of New Jersey, residing at the above captioned address.  Further, at all times relevant hereto, Ricci was a citizen of the Commonwealth of Pennsylvania at 22 Yale Square, Morton, PA 19070.

2.     Defendant, Aetna, Inc., d/b/a Aetna U.S. Healthcare and Aetna Life Insurance Company at the above captioned address, is a corporation or other business entity registered to do business in Pennsylvania and does so at the above captioned address.  Further, Aetna, Inc., d/b/a Aetna U.S. Healthcare and Aetna Life Insurance Company, maintains its

corporate headquarters at 151 Farmington Avenue, Hartford, Connecticut 06156-2970. Defendant, Aetna, Inc., d/b/a Aetna U.S. Healthcare and Aetna Life Insurance Company will be hereinafter referred to as defendant "Aetna".

3.      At all times relevant and material hereto, defendant, Aetna, appeared to be acting by and through its agents, servants, employees, representatives and/or independent contractors, who were engaged in its business and within the course and scope of their employment and/or in the furtherance of defendant, Aetna's business.

4.      By virtue of the diversity of citizenship of the above parties to this litigation, and the fact that the sum in controversy set forth in the foregoing Factual Background, is in excess of Seventy-Five Thousand ($75,000.00) Dollars, Plaintiff is advised, believes and, therefore, avers that this Honorable Court has original jurisdiction of this action pursuant to 28 U.S.C.A. § 1332 et. seq.  Alternatively, this Honorable Court has original jurisdiction of this action pursuant to 28 U.S.C.A. § 1331 because of the application of Federal Law under the Employee Retirement Income Security Act, 29 U.S.C.A. § 1132 et. seq.

## FACTUAL BACKGROUND

5.      On or about January 26, 1996 and for a period of time prior thereto, Plaintiff, Michele Ricci, hereinafter referred to as "Ricci", was an employee of Covance Incorporated.

6.      On or about January 26, 1996 Ricci was an insured on a long term disability contract of insurance provided by Aetna and made available to her through her employer, Covance, which provided a monthly benefit for total disability benefits of approximately One Thousand Seven Hundred Six Dollars and Twenty-Five ($1,706.25) Cents per month

to Ricci for a maximum period of entitlement expiring on the day Ricci would attain the age of sixty-five (65), if Ricci became disabled under the terms and conditions of the insurance contract. A true and correct copy of the contract of insurance in effect as of January 26, 1996 cannot be attached to this Complaint as an Exhibit because the contract is in the possession of defendant, Aetna, despite a demand by Ricci through counsel to acquire the contract, defendant, Aetna, has not tendered the contract.

7.    In January of 1995, while in the employ of Covance, Ricci began to develop a physical condition known as Chronic Fatigue Syndrome, also known as Myalgic Encephalomyelitis.

8.    Ricci's Chronic Fatigue Syndrome progressed to a point that she developed extreme fatigue and other debilitating aliments making it extremely difficult for her to work on a daily basis rendering her disabled pursuant to the terms of Aetna's long term disability contract.

9.    As a result, on or about January 26, 1996 Ricci applied for long term disability benefits under the Aetna contract of insurance. A true and correct copy of Aetna's required application form entitled "LTD/PTD Attending Physician's Statement" is attached hereto, made a part hereof and marked as **Exhibit "A"**.

10.    On May 15, 1996 Ricci's application for long term disability benefits under the Aetna contract, was accepted and a determination was made that Ricci was totally disabled from her usual occupation according to the terms of the insurance contract. A true and

correct copy of the May 15, 1996 letter from defendant, Aetna, to Ricci is attached hereto, made a part hereof and marked as **Exhibit "B".**

11.    Plaintiff believes and therefore avers that the contract of insurance hereinbefore referred to provided that Aetna pay long term disability benefits to Ricci unless "if after the first twenty-four (24) months of disability benefits, it is determined that your disability is caused by a mental condition, then your period of disability will end." Thus, the contract of long term disability insurance provided by Aetna to Ricci was premised upon the fact that being eligible for benefits after the first twenty-four (24) months, Ricci would need to be disabled based on a physical condition.

12.    Defendant, Aetna, paid Ricci long term disability benefits from January 26, 1996 up to and including July 1, 2001.

13.    Throughout the period of time between January 26, 1996 and July 1, 2001, Plaintiff was treated and evaluated on a continuous basis by Stephen L. Schwartz, M.D. who confirmed the diagnosis of Chronic Fatigue Syndrome and disability. Further, during the abovementioned period of time, Ricci was subjected to multiple independent medical evaluations, paid for and procured by defendant, Aetna, the results of which confirmed the diagnosis of Ricci's Chronic Fatigue Syndrome and disability. An example of one such independent medical evaluation report is authored by Russell J. Stumacher, M.D. and dated January 29, 1999, a true and correct copy of which is attached hereto, made a part hereof and marked as **Exhibit "C"**.

-4-

14.    Notwithstanding the above, on or about June 28, 2001 defendant, Aetna, indicated that as of July 1, 2001, it would discontinue paying disability benefits to Ricci under the policy saying that "Since you are being treated by Dr. Schwartz for a psychological/psychiatric condition, and you are not being treated by a physician for a physical disability, your long term disability benefits will terminate as of July 1, 2001."

15.    Defendant, Aetna, upon procured medical opinions and independent medical evaluations and through its own practices denied benefits to Ricci without any reasonable basis, willfully, wantonly, in bad faith and in reckless indifference to the existence of Ricci's serious, debilitating and permanent physical condition known as Chronic Fatigue Syndrome rendering her disabled and unable to be employed, when defendant, Aetna, knew that Ricci's Chronic Fatigue Syndrome was caused by a physical condition. A true and correct copy of the June 28, 2001 letter denying/terminating long term disability benefits as of July 1, 2001 is attached hereto, made a part hereof and marked as **Exhibit "D"**.

16.    On or about August 15, 2001 Ricci appealed defendant, Aetna's June 28, 2001 determination to deny/terminate long term disability benefits. A true and correct copy of the August 15, 2001 letter regarding Ricci's wish to appeal this determination is attached hereto, made a part hereof and marked as **Exhibit "E"**.

17.    As part of the letter dated August 15, 2001, the Plaintiff submitted as an enclosure, specifically an August 14, 2001 letter from Stephen L. Schwartz, M.D., in which Dr. Schwartz stated, inter alia, "my care of her has been directed to the sequelae of her

Chronic Fatigue condition", "my treatment has been directed at the secondary symptoms, as opposed to the basic disorder, her Chronic Fatigue, which is a complex condition representing an, as yet, inadequately explained physical medical disorder." See **Exhibit "E"**.

18.    On November 19, 2001, defendant, Aetna, mailed Ricci's counsel a letter with attachments indicating that the attachments represented all the documents that defendant, Aetna, used in making their claim determination to deny/terminate long term disability benefits to Ricci.  A true and correct of the November 19, 2001 letter and attachment is attached hereto, made a part hereof and marked as **Exhibit "F"**.

19.    On December 19, 2001, defendant, Aetna, despite its knowledge and possession of medical proof  to within a reasonable degree of medical certainty indicating that Ricci's Chronic Fatigue Syndrome condition was caused primarily by a physical condition and contained secondary mental sequelae without any reasonable basis, willfully, wantonly and recklessly upheld its complete denial/termination of Ricci's long term disability benefits.  A true and correct copy of the December 19, 2001 letter is attached hereto, made a part hereof and marked as **Exhibit "G"**.

20.    At all times relevant and material hereto, defendant, Aetna, has denied coverage and refused to honor its contract of insurance with Ricci when Aetna knew or should have known that Ricci's disability was caused by a physical condition known as Chronic Fatigue Syndrome and not a mental condition.

21.    At all times relevant and material hereto, and for a long time prior thereto, Plaintiff, Ricci, has duly performed all the terms and conditions of said policy on her part to be performed.

### FIRST CLAIM FOR RELIEF
### PLAINTIFF, MICHELE RICCI VS. AETNA, INC., D/B/A U.S. HEALTHCARE AND AETNA LIFE INSURANCE COMPANY
### (BAD FAITH)

22.    Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1 through 21, as if the same were set forth herein at length.

23.    By reason of the foregoing false, deceptive, fraudulent and outrageous conduct with the dishonest purpose to deny long term disability benefits to Plaintiff, Ricci, defendant, Aetna, has acted contrary to medical evidence showing a physical disorder, and continues to act with ill will and frivolous refusal to pay long term disability benefits, constituting bad faith declared unlawful under Pennsylvania's Bad Faith Statute, § 42 Pa.C.S.A. § 8371; common law/statutory bad faith under Connecticut law; and common law/statutory bad faith under New Jersey law entitling Ricci to punitive damages, court costs, attorneys fees and interest on the amount of the claim equal to the prime rate of interest plus three percent (3%) from July 1, 2001 through the present and on a monthly basis going forward until Plaintiff attains the age of sixty-five (65).

**WHEREFORE**, Plaintiff, Michele Ricci, demands judgment against the defendant, Aetna, Inc., d/b/a Aetna U.S. Healthcare and Aetna Life Insurance Company, jointly and severally, for compensatory and punitive damages in an amount in excess of Seventy-Five

Thousand ($75,000.00) Dollars, plus attorneys fees, costs, expenses and interest from July 1, 2001 through the present and on a monthly basis going forward up to when Plaintiff, Ricci, attains the age of sixty-five (65).

### SECOND CLAIM FOR RELIEF
### PLAINTIFF, MICHELE RICCI VS. AETNA, INC., D/B/A U.S. HEALTHCARE AND AETNA LIFE INSURANCE COMPANY
### (VIOLATION OF ERISA , 29 U.S.C.A. §§ 1001 et. seq.)

24.    Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1 through 23, as if the same were set forth herein at length.

25.    As a consequence of defendant, Aetna's conduct described above, defendant, Aetna, has violated the provisions of the Employee Retirement Income Security Act (ERISA), 29 U.S.C.A. §§ 1001 et. seq. in general, and as a result, Ricci is entitled to the remedies set forth specifically in 29 U.S.C.A. § 1132 (a) (1) (A) and (B) et. seq. and any other section of ERISA providing for civil remedies.

**WHEREFORE**, Plaintiff, Michele Ricci, demands judgment in her favor against defendant, Aetna, Inc., d/b/a Aetna U.S. Healthcare and Aetna Life Insurance Company, jointly and severally, for compensatory, incidental and punitive damages in an a mount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus attorneys fees, expenses, costs and interest from July 1, 2001 through the present and on a monthly basis until Plaintiff, Ricci, reaches the age of sixty-five (65), and any other relief provided under ERISA.

-8-

### THIRD CLAIM FOR RELIEF
### PLAINTIFF, MICHELE RICCI VS. AETNA, INC., D/B/A U.S. HEALTHCARE
### AND AETNA LIFE INSURANCE COMPANY
### (VIOLATION OF ERISA , 29 U.S.C.A. § 1132(c)(1) through (7)

26.    Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1 through 25, as if the same were set forth herein at length.

27.    As a consequence of defendant, Aetna's conduct described above, defendant, Aetna, has violated the provisions of the Employee Retirement Income Security Act (ERISA), 29 U.S.C.A. §§ 1001 et. seq. in general, and as a result, Ricci is entitled to the remedies set forth specifically in 29 U.S.C.A. § 1132 (c) (1) through (7) providing for civil remedies in the amount of One-Hundred Dollars (100.00) per day in addition to the other penalties provided therein.

**WHEREFORE**, Plaintiff, Michele Ricci, demands judgment in her favor against defendant, Aetna, Inc., d/b/a Aetna U.S. Healthcare and Aetna Life Insurance Company, jointly and severally, for compensatory, incidental and punitive damages in an a mount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus attorneys fees, expenses, costs and interest from July 1, 2001 through the present and on a monthly basis until Plaintiff, Ricci, reaches the age of sixty-five (65), and any other relief provided under ERISA.

**M. MARK MENDEL, LTD.**

BY: _____
    **THEODORE A. SCHWARTZ, ESQUIRE**
    **ATTORNEY I.D. NO. 09256**
    **KENNETH B. GREAR, ESQUIRE**
    **ATTORNEY I.D. NO. 81608**
    **ATTORNEYS FOR PLAINTIFF**
    **1620 LOCUST STREET**
    **PHILADELPHIA, PA 19103-6392**
    **TELEPHONE NO. (215) 732-7200**
    **FAX NO. (215) 546-3277**

**DATE:** _____

F:\RICCI.AC

-10-