IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELE RICCI : | |
| : | CIVIL ACTION |
| Plaintiff, : | |
| : | |
| v. : | 02-CV-4330 |
| : | |
| AETNA, INC. d/b/a AETNA U.S. : | |
| HEALTHCARE and AETNA LIFE : | |
| INSURANCE COMPANY : | |
| : | |
| Defendants. : | |
| : | |

### ORDER

AND NOW, this ____ day of _____, 2002, upon consideration of the Motion to Dismiss Plaintiff's Amended Complaint, and to Strike Plaintiff's Jury Demand of Aetna, Inc., d/b/a/ Aetna U.S. Healthcare and Aetna Life Insurance Company, and any response thereto, it is hereby **ORDERED** that said Motion is **GRANTED**. Plaintiff's Amended Complaint is **DISMISSED WITH PREJUDICE**, and Plaintiff's Jury Demand is **STRICKEN**.

BY THE COURT:

_____
Savage, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELE RICCI | : |
|              Plaintiff, | :   CIVIL ACTION |
| v. | :   02-CV-4330 |
| AETNA, INC. d/b/a AETNA U.S. HEALTHCARE and AETNA LIFE INSURANCE COMPANY | : |
|              Defendants. | : |

**MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
AND TO STRIKE PLAINTIFF'S JURY DEMAND
OF AETNA INC., d/b/a AETNA U.S. HEALTHCARE
<u>AND AETNA LIFE INSURANCE COMPANY</u>**

Defendants, Aetna Inc., d/b/a Aetna U.S. Healthcare and Aetna Life Insurance Company ("Aetna"), by and through their undersigned counsel, hereby move this Court to dismiss Plaintiff's Amended Complaint and to strike Plaintiff's jury demand, pursuant to Federal Rule of Civil Procedure 12(b)(6), and for the reasons set forth in the accompanying Memorandum of Law, which is incorporated herein by reference as if more fully set forth.

WHEREFORE, Aetna requests this Court to enter the Order attached hereto, and to grant such other and further relief as the Court deems just and appropriate.

                                                              RESPECTFULLY SUBMITTED,

OF COUNSEL:

ELLIOTT, REIHNER, SIEDZIKOWSKI         Patricia C. Collins
& EGAN                                         Union Meeting Corp. Ctr. V
                                            925 Harvest Drive
                                            Blue Bell, PA 19422
                                            (215) 977-1000

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELE RICCI | : |
| | : CIVIL ACTION |
| Plaintiff, | : |
| | : |
| v. | : 02-CV-4330 |
| | : |
| AETNA, INC. d/b/a AETNA U.S. | : |
| HEALTHCARE and AETNA LIFE | : |
| INSURANCE COMPANY | : |
| | : |
| Defendants. | : |
| | : |

**MEMORANDUM OF LAW IN SUPPORT OF THE
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
AND TO STRIKE PLAINTIFF'S JURY DEMAND
OF AETNA INC., d/b/a AETNA U.S. HEALTHCARE
AND AETNA LIFE INSURANCE COMPANY**

Defendants, Aetna Inc., d/b/a Aetna U.S. Healthcare and Aetna Life Insurance Company ("Aetna"), by and through their undersigned counsel, hereby submit this Memorandum of Law in support of Aetna's Motion to Dismiss Plaintiff's Amended Complaint, and to strike Plaintiff's jury demand. Plaintiff's Amended Complaint improperly asserts state law bad faith claims based on an alleged denial of long term disability benefits due under a plan governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. Further, the Amended Complaint improperly seeks damages not available under ERISA. Finally, the Amended Complaint seeks a jury trial, which is not available under ERISA.

ARGUMENT

I.   **ERISA PREEMPTS PLAINTIFF'S BAD FAITH CLAIM, WHICH IS BASED ON AN ALLEGED DENIAL OF BENEFITS**

Plaintiff's Amended Complaint seeks damages against Aetna based on Plaintiff Michele Ricci's alleged entitlement to benefits. The Amended Complaint attempts to set forth a cause of action against Aetna under Pennsylvania's "bad faith" statute. However, for the reasons discussed below, Plaintiff's bad faith claim is preempted by ERISA.

   A.   **Plaintiff's Bad Faith Claim Against Aetna Which Is Based on an Alleged Denial of Benefits to Plaintiff Is Preempted by ERISA.**

It is beyond dispute that state common law claims to recover benefits due under an employee welfare benefit plan fall directly under § 502(a)(1)(B) of ERISA, which provides an exclusive civil enforcement mechanism for resolution of such disputes. E.g., Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 62-63, 107 S. Ct. 1543, 1546 (1987). Section 502(a)(1)(B) provides:

> A civil action may be brought --
>
> (1)   by a participant or beneficiary --
> . . .
>
> > (b)   to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

Here, Plaintiff alleges that Aetna denied benefits due under a Long Term Disability Plan. See Amended Complaint at ¶¶ 5-12. At all relevant times hereto, Plaintiff admits that the Plan was an employee welfare benefit plan as defined by ERISA. See Amended Complaint at Second and Third Claims for Relief, ¶¶ 5, 6.

Plaintiff's Amended Complaint thus alleges that Aetna failed to provide benefits. In the case of a claim for benefits due under an employee welfare benefit plan, the exclusive civil enforcement mechanism set forth in § 502(a)(1)(B) of ERISA preempts Plaintiff's state law claims against Aetna. See e.g., Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987); Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987); Cox v. Blue Cross and Blue Shield of Michigan, 869 F. Supp. 501, 503 (E.D. Mich. 1994).

Further, such claims "relate to" an employee benefit plan and, therefore, are preempted under ERISA's general preemption provisions, set forth in § 514(a). 29 U.S.C. § 1144(1); see e.g., Pilot Life Ins. Co. v. Dedeaux, supra; Nealy v. U.S. Healthcare HMO, 844 F. Supp. 966 (S.D.N.Y. 1994); Altieri v. Cigna Dental Health, Inc., 753 F. Supp. 61 (D. Conn. 1990).

ERISA's broad preemption provision is set forth in § 514(a), which states:

> Except as provided in subsection (b) of this Section, the provisions of this subchapter III of this chapter shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan described in § 1003(a) off this title and not exempt under § 1003(b) of this title . . .

29 U.S.C. § 1144(a) (emphasis added). The phrase "relates to" has been interpreted as meaning that "it has a connection with or reference to such a plan." Shaw v. Delta Airlines, Inc., 463 U.S. 85, 103 S. Ct. 2890 (1983) (emphasis added); see also Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 107 S. Ct. 1549 (1987). Examining the purpose of § 514, the Supreme Court in Pilot Life observed that "the express preemption provisions of ERISA are deliberately expansive, and designed to 'establish pension plan regulations as exclusively a federal concern.'" 481 U.S. at 45-56, 107 S. Ct. at 1552 (citations omitted).

3

B.     **Plaintiff's Bad Faith Claim Is Not Saved From ERISA Preemption.**

Defendants believe that Plaintiff will point to a recent Eastern District decision as authority to argue that her bad faith claim is not preempted by ERISA. This lone, and with due respect, mistaken decision stands apart from every other District Court decision to address this issue, and is in conflict with existing Third Circuit authority. , In Rosenbaum v. Unum Life Insurance Co., 2002 WL 1769899 (E.D. Pa. July 29, 2002), the Honorable Clarence Newcomer held that bad faith claims were not preempted by ERISA, because bad faith claims fell into ERISA's "savings" clause. Historically, however, courts in this district considered such claims preempted by ERISA. Campbell v. Prudential Insurance Co. of America, 2002 WL 462085, at *1 (E.D. Pa. March 25, 2002 (Ludwig, J.)( bad faith, declaratory judgment and breach of contract claims preempted); Cannon v. The Vanguard Group, 1998 WL 512935 at *3 (E.D. Pa. 1998) (Reed, J.)(bad faith claims preempted, listing cases); Rallis v. Transworld Music Corp., 1994 WL 96264 at *2-*4 (E.D. Pa. 1994)(Buckwalter, J.)(declaratory judgment, contract and bad faith claims preempted); Murphy v. Metropolitan Life Ins. Co., 152 F. Supp. 2d 755, 758 (E.D. Pa. 2001)(bad faith and consumer protection claims preempted); Brooks v Educators Mutual Life Ins. Co., 206 F.R.D. 96, 102 (E.D. Pa. 2002) (breach of contract and bad faith claims preempted); Miller v. Aetna Healthcare, 2001 WL 1609681 at *5 (E.D. Pa. Dec. 12, 2001)(Waldman, J.)(unfair trade practices and bad faith claims preempted). Judge Newcomer relied on recent Supreme Court cases to argue that the law regarding ERISA's savings clause had changed. However, since Rosenbaum, four Judges of the Eastern District of Pennsylvania have specifically disagreed with Judge Newcomer's opinion, and held that bad faith claims are preempted by ERISA, regardless, and particularly in light of, recent United States Supreme Court decisions.

4

In <u>Sprecher v. Aetna U.S. Healthcare Inc.</u>, 2002 WL 1917711 (E.D. Pa. August 19, 2002), the Honorable Ronald L. Buckwalter held that the plaintiff's bad faith claims were preempted by ERISA. <u>Id</u>. at *3. Judge Buckwalter first outlined the method of analysis for determining whether a statute falls within the insurance exemption to ERISA's broad preemption clause. First, the court must take a "common sense" view as to whether a law regulates insurance. <u>Id</u>. at *4. Next, the Court must examine the application of the McCarran-Ferguson factors. <u>Id</u>. A state statute need not meet all three factors in order to "regulate insurance" under the savings clause. <u>Id</u>. The factors are: whether the statue ahs the effect of transferring or spreading the policyholder's risk, whether the statue serves as an integral part of the policy relationship between the insurer and the insured, and whether the statute is aimed at a practice limited to entities within the insurance industry. <u>Id</u>.

Judge Buckwalter found that Pennsylvania's bad faith statute did not alter the allocation of risk for which the parties initially contracted. <u>Id</u>. at *4. Because the risk of mishandling a claim is not the risk for which the parties initially contracted, this factor is not met. <u>Id</u>. Judge Buckwalter went on to find that the bad faith statute does not serve as an integral part of the policy relationship, because the statute did not add or make mandatory a new term of the contract. Instead, the statute merely provides a remedy for an already existing obligation to act in good faith. <u>Id</u>. at *5.

Judge Buckwalter found that the statute did meet the third factor, because it is aimed at a practice limited to the insurance industry. However, this was not enough to save the statute from preemption. <u>Id</u>.

More importantly, Judge Buckwalter found that the statute was not saved from preemption because it provided an "alternative remedy" which is categorically preempted by ERISA. <u>Id</u>. at *7 (citing <u>Pilot Life Ins. Co.</u> 481 U.S. 41). Congress intended ERISA to be the exclusive remedy for rights guaranteed under ERISA. <u>Id</u>. The Court stated: "even a state law 'regulating insurance' will

5

be preempted if it provides a separate vehicle to assert a claim for benefits outside of, or in addition to, ERISA's remedial scheme or enlarges that claim beyond the benefits available in any action brought under §1132(a)." Id. Notably, Judge Newcomer in Rosenbaum failed even to address this important "exclusive remedy" issue, which, by itself, provides sufficient grounds to find ERISA preemption.

In Kirkhuff v. Lincoln Technical Institute Inc., 2002 WL 31015204 (E.D. Pa. September 6, 2002), the Honorable Harvey Bartle III specifically agreed with Judge Buckwalter that the bad faith statute was not saved from preemption because "the Pennsylvania bad faith statute provides a new cause of action and a new form of ultimate relief." Id. at *3. Judge Bartle similarly noted that the statute "conflicts with the carefully crated and exclusive remedies scheme of ERISA and is preempted." Id.

In Bell v. Unum Provident Corp., 2002 WL 3109972 (E.D. Pa. September 19, 2002), the Honorable Michael M. Baylson agreed with Judge Buckwalter's reasoning in Sprecher, and found that the two recent Supreme Court cases upon which Judge Newcomer relied, Unum Life Insurance Co. of America v. Ward, 526 U.S. 358 (1999) and Rush Prudential v. Moran, supra, did not even so much as "whisper" at overruling Pilot Life, supra, where the Supreme Court held that state law bad faith claims were preempted by ERISA.[1]

Thus, the one case that plaintiff could rely on to save her bad faith claim from preemption is simply not good law, and should not be followed by this Court. Because applying Pennsylvania's bad faith statute to ERISA plans would improperly set up an alternative or additional form of relief in violation of ERISA's purpose to provide exclusive remedies for violations of the guarantees of

---

[1] This reasoning was also upheld in Smith v. Continental Casualty Co., 02cv1915, slip opinion (Waldman, J.)(E.D. Pa. September 16, 2002)

6

ERISA and plans promulgated pursuant to ERISA, the bad faith statute is preempted by ERISA, and Plaintiff's bad faith claim must be dismissed.

### III. PLAINTIFF IS NOT ENTITLED TO A JURY TRIAL

It is well settled that Plaintiff is not entitled to a jury trial under ERISA. Pane v. RCA Corp., 868 F. 2d 631, 636 (3d Cir. 1989); Meshkov v. Unum Provident Corp., 209 F. Supp. 2d 459, 462 (E.D. Pa. 2002). Accordingly, this Court must strike Plaintiff's jury demand.

### III. PLAINTIFF FAILS TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED UNDER ERISA

#### A. Plaintiff Seeks Damages Not Available Under ERISA

Plaintiff's Amended Complaint also must be dismissed because she seeks damages not compensable under ERISA. Plaintiffs cannot recover compensatory damages under ERISA. Corcoran v. United Healthcare, Inc., 965 F.2d 1321, 1335 (5th Cir. 1992); Worthington v. Metropolitan Life Ins. Co., 688 F. Supp. 298, 300 (S.D. Tex. 1987). ERISA limits Plaintiffs' damages to the value of benefits denied. Hamilton v. Mecca, Inc., 930 F. Supp. 1540, 1554 (S.D. Ga. 1996); Morford v. Reserve Life Ins. Co., 702 F. Supp. 603, 604 (S.D. W.Va. 1989).

Here, Plaintiff's Amended Complaint seeks compensatory and punitive damages. ERISA's exclusive civil enforcement mechanism precludes Plaintiff from recovering any of the alleged damages. Wood v. Prudential Insurance Co. of America, 207 F.3d 674, 685 (3d Cir. 2000); Meshkov, 209 F. Supp. at 462; Corcoran, 965 F.2d at 1335.

In Corcoran, the court refused to grant the plaintiffs any damages for emotional injuries under section 1132(a) of ERISA, which limits plaintiffs' damages to "what was supposed to have been distributed under the plan." Id. In Morford, the court held that although the plaintiff could recover unpaid maternity benefits, ERISA's civil enforcement mechanism precluded any recovery for the damages flowing from the failure to pay maternity benefits. Morford, 702 F. Supp. at 604.

7

Plaintiff does not even seek recovery of the alleged benefits to which she claims entitlement, but instead seeks damages prohibited by ERISA's civil enforcement mechanism. Thus, Plaintiff does not, and cannot, state a claim under ERISA.

## CONCLUSION

For all the foregoing reasons, Aetna requests this Court to enter the Order attached hereto dismissing Plaintiff's Amended Complaint, and striking Plaintiff's jury demand.

RESPECTFULLY SUBMITTED,

OF COUNSEL:

ELLIOTT, REIHNER, SIEDZIKOWSKI
& EGAN

_____
Patricia C. Collins
Union Meeting Corp. Ctr. V
925 Harvest Drive
Blue Bell, PA 19422
(215) 977-1000

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on this day a copy of the foregoing is being served upon the person(s) and in the manner set forth below:

**Via Facsimile and U.S. Postal Service**<br>**First Class Mail, Postage Prepaid**

Theodore A. Schwartz, Esquire<br>1620 Locust Street<br>Philadelphia, PA 19103-6392

_____<br>PATRICIA C. COLLINS

DATE: October 2, 2002