IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
:
**MICHELE RICCI,** : CIVIL ACTION
     **Plaintiff,** :
  **VS.** :
:
**AETNA, INC., D/B/A** :
**AETNA U.S. HEALTHCARE AND** :
**AETNA LIFE INSURANCE COMPANY,** : NO. 02-CV-4330
     **Defendants.** :
_____ :

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
RESPONSE TO DEFENDANT, AETNA, INC., D/B/A AETNA U.S.
HEALTHCARE AND AETNA LIFE INSURANCE COMPANY'S MOTION
TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND TO STRIKE
PLAINTIFF'S JURY DEMAND**

  Plaintiff, Michele Ricci, by and through her counsel, submits this Memorandum of Law in support of her response to defendant, Aetna, Inc., d/b/a Aetna U.S. Healthcare and Aetna Life Insurance Company's (hereinafter referred to as defendant, "Aetna") Motion to Dismiss Plaintiff's Amended Complaint, and to strike Plaintiff's Jury Demand.

  **I.  FACTS**

  This case arises from a denial of long term disability benefits to the Plaintiff by defendant, Aetna. The facts relevant to the instant Motion to Dismiss under F.R.C.P. 12 (b)(6) are adequately set forth in Plaintiff's Amended Complaint attached hereto as Exhibit "A". Plaintiff's Amended Complaint contains three (3) claims for relief. The first claim for relief requests damages pursuant to Pennsylvania's Bad Faith Statute § 42 Pa. C.S.A. § 8371.

The second claim for relief seeks any and all remedies available under ERISA at 29 U.S.C.A. § 1132 (a)(1)(A) and (B). The third claim for relief Plaintiff seeks additional remedies under ERISA contained in 29 U.S.C.A. § 1132 (c)(1) through (7).

## II. LEGAL ARGUMENT

### A. THE STANDARD FOR F.R.C.P. 12 (b) (6)

A Motion to Dismiss pursuant to F.R.C.P. 12 (b) (6) may be granted only if, after accepting all well pleaded allegations in the Complaint as true, and viewing them in the way most favorable to the Plaintiff, the Plaintiff is not entitled to relief. In Re Burlington Coat Factory Sec. Litig., 114 F. 3rd 1410, 1420 (3d Cir. 1997), citing Bartholomew v. Fischl, 782 F. 2d 1148, 1152 (3d Cir. 1986). The issue is not whether Plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. Id. (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Further, under Rule 12 (b) (6), a defendant bears the burden of demonstrating that a plaintiff has not stated a claim upon which relief can be granted. See eg, Cohen v. Kurtzman, 45 F. Sup. 2d 423, 429 (D.N.J. 1999), (citing Kehr Packages, Inc. v. Fidel Corp., Inc., 926 F. 2d 1406, 1409 (3d Cir.) Cir. denied, 501 U.S. 1222, 111 S.Ct. 2839 (1991). Dismissal under Rule 12 (b) (6) is limited to those instances where it is certain that no relief could be granted under any set of facts that could be proved. Powell v. Ridge, N.o. CIV. A. 98-1223, 1998 WL E4727, at 3 (E.D.Pa. November 19, 1998).

### B. PLAINTIFF'S BAD FAITH CLAIM IS SAVED FROM PREEMPTION BECAUSE IT SATISFIES THE MANDATORY AND BINDING LAW ENUNCIATED BY

**THE UNITED STATES SUPREME COURT IN <u>UNUM INSURANCE CO. OF AMERICA V. WARD.</u>, 526 S. 358 (1999) AND <u>RUSH PRUDENTIAL HMO, INC. V. MORAN</u>, 122 U.S.Ct. 2151 (2002)**

The ERISA preemption clause, ERISA § 514 (a) which is 29 U.S.C. § 1144 (a), provides:

> Except as provided in sub-section (b) of this section (the savings clause), the provisions of this sub-chapter and sub-chapter III of this chapter shall supercede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan...

ERISA's savings clause, however, exempts from preemption "any law of any state which regulates insurance". ERISA § 514 (b) (2) (A), 29 U.S.C. § 1144 (b) (2) (A).

The Supreme Court has applied the following two (2) prong approach in determining whether a statute "regulates insurance". First, the Court considers whether from a "common sense view of the matter," the state statute in question regulates insurance. <u>Unum</u>, 526 U.S. 367. Second, the Court considers the following three factors in determining whether "the regulation fits within the 'business of insurance' as that phrase is used in the McCarran - Ferguson Act," McCarran - Ferguson 59 STAT. 33, as amended at 15 U.S.C. § 10, 11 et seq:

> 1) Whether the practice has the effect of transferring or spreading a policyholder's risk;
>
> 2) Whether the practice is an integral part of the policy relationship between the insurer and the insured; and
>
> 3) Whether the practice is limited to entities within the insurance industry. <u>Unum</u>, 526 U.S. 367.

The <u>Unum</u> case decided by the Supreme Court in 1999 marked a significant change in the application of the common sense\McCarran - Ferguson test. For the first time, the Court explained that a state statute does not have to meet each of the McCarran - Ferguson factors in order to qualify for ERISA's savings clause. <u>Rosenbaum v. Unum</u>, 2002 WL 1769899 (E.D.Pa. 2002); citing <u>Unum</u>, 526 U.S. 373 ("We reject Unum's assertion that a state regulation must satisfy all three (3) McCarran - Ferguson factors in order to 'regulate insurance'"). Rather, the <u>Unum</u> Court found that the McCarran- Ferguson factors are "considerations to be weighed" in determining whether a state law regulates insurance. <u>Id</u>. This decision clarified the Court's previous rulings in <u>Pilot Life Insurance Co. v. Dedeaux</u>, 481 U.S. 41, 107 S. Ct. 1549 (1987) and <u>Metropolitan Life Insurance Co. v. Mass.</u>, 471 U.S. 724 (1985) which had required compliance with each of the McCarran - Ferguson factors. <u>Rosenbaum</u>, 2002 WL 1769899 page 2; citing <u>Unum</u>, 526 U.S. 373. Most recently, in <u>Rush</u> the Supreme Court reaffirmed <u>Unum's</u> holding by finding an Illinois state statute qualified under ERISA's saving clause by meeting two (2) of the McCarran - Ferguson factors. <u>Id.</u>, citing <u>Rush</u>, 122 S. Ct. 2163.[1]

---

[1] As discussed in the <u>Rosenbaum</u> Opinion, it is not clear whether a statute must satisfy more than one (1) of the McCarran - Ferguson factors in order to be covered by ERISA's savings clause. Plaintiff contends that in the spirit of <u>Rosenbaum</u>, <u>Unum</u> and <u>Rush</u>, the McCarran - Ferguson factors are only guide posts to making a determination of whether or not a statute is saved from preemption. Plaintiff urges this Court that in the present case, Pennsylvania's bad faith statute is indeed saved from preemption because meets at least one (1) of the McCarran - Ferguson factors (and arguably two (2) of these factors) as well as the common sense test.

In the present case, Pennsylvania's Bad Faith Statute, § 42 Pa.C.S.A. § 8371, entitled "Actions on Insurance Policies," is at issue. The statute provides:

> In an action arising under an insurance policy, if the Court finds that the insurer has acted in bad faith toward the insured, the Court may take all of the following actions:
> (1) Award interest on the amount of the claim from the date that the claim was made by the insured in an amount equal to the prime rate of interest plus three (3%) percent;
> (2) Award punitive damages against the insurer; and
> (3) Access court costs and attorneys fees against the insurer.

Turning to the application of the common sense view it is clear that under the common sense view of ERISA's savings clause that Pennsylvania's Bad Faith Statute "regulates an insurance" and is specific to the insurance industry. As stated in the Rosenbaum Decision, one need look no further than the statute's title, "actions on insurance policies". Furthermore, the statute limits it application to "actions arising under an insurance policy....." Rosenbaum, 202 WL 176899 page 3.

Recent cases decided by judges in this district are in agreement with Judge Newcomer's conclusion with respect to the common sense view that Pennsylvania's Bad Faith Statute "regulates insurance". See Judge Buckwalter's Opinion in Sprecher v. Aetna U.S. Healthcare Inc., 2002 WL 1917711 (E.D. Pa. August 19, 2002); Judge Bartle's Opinion in Kirkhuff v. Lincoln Technical Institute, Inc., 2002 U.S. Dist. Lexus 17196 (E.D. Pa. September 6, 2002); and Judge Baylson's Opinion in Bell v. Unum Provident Corporation, 2002 WL 31099792 (E.D. Pa. September 19, 2002). The Rosenbaum, Sprecher, Kirkhuff and Bell Courts in this district all agree that the first McCarran - Ferguson factor which asks

"whether the state law court has the affect of transferring of spreading of policyholder's risk" is not met and with respect to the third McCarran - Ferguson factor which requires that the statute be limited to entities within the insurance industry, is met by the Pennsylvania Bad Faith Statute. The only McCarran - Ferguson factor that the Courts in Sprecher, Kirkhuff and Bell disagree with the Rosenbaum Court on is the second McCarran - Ferguson factor which requires that the state's statute serve as a "integral part of the policy relationship between the insurer and the insured which requires that the state statute in some manner control the terms of the insurance relationship by changing the bargain between the insurance company and the insured." See Unum Life Ins. Co. 526 U.S. 374, 119 S.Ct. 1389.

The Plaintiff in the instant case contends that this Court should adopt the reasoning of the Rosenbaum Court with respect to finding that the Pennsylvania Bad Faith Statute is an integral part of the policy relationship. One needs only to look at the Rosenbaum Court's reasoning behind this conclusion. In Rosenbaum, Judge Newcomer indicated that in Unum, the Supreme Court found that a California statute requiring an insurer to "prove prejudice before enforcing a timeliness of claim provision" created a mandatory contract term between the two (2) parties. Unum, 526 US 375. In Rush, the Court examined an Illinois statute requiring HMO's to provide independent review of disputes with primary care physicians, and to cover any costs deemed medically necessary by the independent reviewer. The Court found in Rush that the statute provided a "legal right to the insured" and an "obvious" contractual requirement which was "an integral part of the policy relationship". Rush, 122

S. Ct. 2164.  These cases suggest that a statute plays an integral part in the policy where it affords the party's rights or remedies other than those originally bargained for in effect creating a new mandatory contract term.

Turning to the Pennsylvania Bad Faith Statute in the present case, Judge Newcomer's Opinion in <u>Rosenbaum</u> with respect to the second McCarran - Ferguson factor requiring that the statute be an integral part of the policy relationship, is clearly satisfied by the Bad Faith Statute.  Pennsylvania's Bad Faith Statute is exactly that, a statute that creates rights or <u>remedies</u> other than those originally bargained for, in effect, creating a new mandatory contract term.  The argument is that even though the Aetna insurance policy in the instant case may not contain a specific contractual provision that allows the claimant to seek remedies afforded under the Pennsylvania Bad Faith Statute, under the reasoning found in <u>Unum</u> and <u>Rush</u>, and reiterated by Judge Newcomer in <u>Rosenbaum</u>, Pennsylvania's Bad Faith Statute is certainly contemplated by the defendant as a potential remedy which may be used by any claimant who chooses to enter into an insurance contract with defendant, Aetna.  Similar to the statutes in <u>Unum</u> and <u>Rush</u>, Pennsylvania's Bad Faith Statute does not appear in the language of the insurance contract itself, but certainly does factor into (1) defendant, Aetna's  potential exposure if it does not act in good faith with respect to the contractual terms;  as well as (2) the claimant's ability to seek remedies as a result of the failure of the defendant to act in good faith with respect to honoring the insurance contract. Therefore, under the law as applied to the facts in the instant case, dismissal of Plaintiff's bad

faith claim pursuant to F.R.C.P. 12 (b) (6) is inappropriate because Plaintiff's bad faith claim is saved from preemption and thus it is not certain that no relief could be granted under any set of facts that could be proved in this case. Thus, defendant, Aetna's Motion to Dismiss under F.R.C.P. 12 (b) (6) must be denied.

### C.  PENNSYLVANIA'S BAD FAITH STATUTE IS NOT CATEGORICALLY PREEMPTED BY ERISA'S EXCLUSIVE ENFORCEMENT SCHEME

The Supreme Court in Rush specifically declared that any state law that added to the judicial remedies provided by "ERISA…violates ERISA's policy of inducing employers to offer benefits assuring a predictable set of liabilities, under the uniform standards or primary conduct and a uniform regime of alternate remedial orders and awards when a violation has occurred" Rush 122 S. Ct. 2166. However, in the instant case, the Pennsylvania Bad Faith Statute is not adding to the judicial remedies provided by ERISA ,but, to the contrary, such remedies provided in Pennsylvania's Bad Faith Statute are contemplated in ERISA.

Under ERISA, a participant or beneficiary may seek benefits to enforce and clarify rights under the plan; obtain equitable relief to enjoin or redress violations, or to enforce provisions of the plan. 29 U.S.C.A. § 1132 (a). Additionally, one may seek to remove a fiduciary, and to recover losses to the plan resulting from a breach of fiduciary duty. 29 U.S.C.A. § 1109 and 1132 (a). ERISA also permits the award of attorneys fees. 29 U.S.C.S. § 1132 (g). Most importantly, however, ERISA <u>authorizes a court to use its discretion to order "such other relief as it deems proper"</u> as part of the remedies provided under ERISA.

This is specifically stated in 29 U.S.C.A. § 1132 (c) (1). Arguably, this language which allows "such other relief as it deems proper" opens ERISA up to authorizing a participant or beneficiary to obtain punitive damages or interest as allowed under Pennsylvania's Bad Faith Statute. In this sense, the <u>Kirkhuff</u>, <u>Sprecher</u> and <u>Bell</u> courts in this district failed to consider this language before concluding that Pennsylvania's Bad Faith Statute was categorically preempted. [2]

### D. JURY TRIAL DEMAND

Plaintiff stipulates that with respect to her ERISA claims (see Counts II and III) of Plaintiff's Amended Complaint and Exhibit "A"), no jury trial is permitted. However, with respect to the Plaintiff's Bad Faith Claim (See Count I and Exhibit "A") Plaintiff is reserving the right upon this Court's decision to demand a Jury Trial with respect to her Bad Faith Claim. Alternatively, if this Court does indeed allow Plaintiff's Bad Faith Claim to go forward and does not allow a Jury Trial, we respectfully request that the Bad Faith Claim be entertained along with Plaintiff's other ERISA claims in a bench Trial.

### E. PLAINTIFF'S AMENDED COMPLAINT STATES CLAIMS <u>FOR RELIEF UNDER ERISA</u>

---

[2] It is Plaintiff's position that as of the date of this Memorandum of Law, it appears as if no party has ever presented the argument that ERISA's enforcement provision (specifically the provision located 1132 (c) (1) in which the court "may in its discretion order such other relief as it deems proper") contemplate a remedy such as is provided in Pennsylvania's Bad Faith Statute.

9

_____Plaintiff's Amended Complaint contains a second claim for relief under ERISA specifically at Paragraph 25 of the Amended Complaint which states:

> 25.    As a consequence of defendant, Aetna's conduct described above, defendant, Aetna, has violated the provisions of the Employee Retirement Income Security Act (ERISA) 29 U.S.C.A. § 1001 et seq in general, and as a result, Ricci is entitled to the remedies set forth specifically in 29 U.S.C.A. § 1132 (a) (1) (A) and (B) et seq and any other section of ERISA providing for several remedies.

In the Wherefore Clause to Plaintiff's second claim for relief, the Plaintiff does ask for:

> compensatory, incidental and punitive damages in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus attorneys fees, expenses, costs and interest from July 1, 2001 through the present and on a monthly basis until Plaintiff, Ricci, reaches the age of sixty-five (65) and any other relief provided under ERISA.

It is clear that the second claim for relief sets forth a valid claim under ERISA seeking the recovery of all benefits due and damages allowed under 29 U.S.C.A. § 1132 (a) (1) (A) and (B). As for the other damages requested in the Wherefore Clause to Plaintiff's second claim for relief in the Amended Complaint, Plaintiff states that these damages are dependent upon whether or not the Court allows the Plaintiff's bad faith claim to go forward.

Further, Plaintiff's third claim for relief sets forth a cause of action under ERISA specifically requesting remedies and damages allowed under 29 U.S.C.A. § 1132 (c) (1) through (7). See Exhibit "A" at paragraphs 26 and 27. As for the Wherefore Clause which is part of Plaintiff's third claim for relief in her Amended Complaint, the argument above with respect to Plaintiff's second claim for relief and the Wherefore Clause contained in that

claim also applies hereto Plaintiff's third claim for relief with respect to the compensatory, incidental and punitive damages, as well as the attorneys fees, expenses, costs and interest.

Thus, Plaintiff's second and third claims for relief state valid claims for relief under ERISA. Further, Plaintiff's second and third claims for relief incorporate by reference all the factual allegations in the Amended Complaint which form the basis for Plaintiff's claims under ERISA. See Exhibit "A" at paragraphs 24 and 26.

### F. CONCLUSION

Therefore, for all of the foregoing reasons, Plaintiff, Michele Ricci, requests this Honorable Court to enter the attached Order denying defendants' Motion to Dismiss under F.R.C.P. 12 (b) (6) because as stated earlier, in the instant case when the law is applied to fact, it is not certain that no relief could be granted under any set of facts that could be proved by the Plaintiff. Thus, the Court must deny defendant, Aetna's Motion to Dismiss under F.R.C.P. 12 (b) (6).

**M. MARK MENDEL, LTD.**

BY: _____
THEODORE A. SCHWARTZ, ESQUIRE
ATTORNEY I.D. NO. 09256
KENNETH B. GREAR, ESQUIRE
ATTORNEY I.D. NO. 81608
ATTORNEYS FOR PLAINTIFF
1620 LOCUST STREET
PHILADELPHIA, PA 19103-6392
TELEPHONE NO. (215) 732-7200
FAX NO. (215) 546-3277

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHELE RICCI, | : | CIVIL ACTION |
| Plaintiff, | : | |
| VS. | : | |
| | : | |
| AETNA, INC., D/B/A | : | |
| AETNA U.S. HEALTHCARE AND | : | |
| AETNA LIFE INSURANCE COMPANY, | : | NO. 02-CV-4330 |
| Defendants. | : | |
| | : | |

## O R D E R

**AND NOW**, this            day of                        , 2002, upon consideration of defendant, Aetna, Inc., d/b/a Aetna U.S. Healthcare and Aetna Life Insurance Company's Motion to Dismiss Plaintiff's Amended Complaint, and to strike Plaintiff's Jury Demand and Plaintiff's Response thereto, it is hereby **ORDERED** that defendants' Motion is **DENIED** with prejudice.

BY THE COURT:

_____
**Savage          J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
:
**MICHELE RICCI,** : CIVIL ACTION
     **Plaintiff,** :
  VS. :
:
**AETNA, INC., D/B/A** :
**AETNA U.S. HEALTHCARE AND** :
**AETNA LIFE INSURANCE COMPANY,** : NO. 02-CV-4330
     **Defendants.** :
_____ :

**PLAINTIFF, MICHELE RICCI'S RESPONSE TO DEFENDANTS, AETNA, INC., D/B/A AETNA U.S. HEALTHCARE AND AETNA LIFE INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND TO STRIKE PLAINTIFF'S JURY DEMAND**

  Admitted in part; denied in part. Plaintiff admits and stipulates to remove her jury demand in the Amended Complaint, a copy of which is attached hereto, made part hereof and marked as Exhibit "A", only as to the ERISA claims in Plaintiff's second and third claims for relief. Plaintiff denies the remaining averments of defendants' Motion to Dismiss pursuant to 12(b)(6) for the reasons set forth in Plaintiff's accompanying Memorandum of Law which is incorporated herein by reference as if the same were set forth herein at length.

  **WHEREFORE**, Plaintiff, Michele Ricci, requests this Court to enter the Order

attached hereto and to grant such further relief as the Court deems just and appropriate.

        Respectfully submitted:

        **M. MARK MENDEL, LTD.**


        BY: _____
           **THEODORE A. SCHWARTZ, ESQUIRE**
           **ATTORNEY I.D. NO. 09256**
           **KENNETH B. GREAR, ESQUIRE**
           **ATTORNEY I.D. NO. 81608**
           **ATTORNEYS FOR PLAINTIFF**
           **1620 LOCUST STREET**
           **PHILADELPHIA, PA 19103-6392**
           **TELEPHONE NO. (215) 732-7200**
           **FAX NO. (215) 546-3277**

g:\tas\ricci\R-MotDisAC

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **MICHELE RICCI,** : | CIVIL ACTION |
| Plaintiff, : |  |
| VS. : |  |
| : |  |
| **AETNA, INC., D/B/A** : |  |
| **AETNA U.S. HEALTHCARE AND** : |  |
| **AETNA LIFE INSURANCE COMPANY,** : | NO. 02-CV-4330 |
| Defendants. : |  |

_____I, Kenneth B. Grear, Esquire, hereby certify that a true and correct copy of Plaintiff, Michele Ricci's Response and Memorandum of Law in Support thereof to Defendants, Aetna, Inc., d/b/a Aetna U.S. Healthcare and Aetna Life Insurance Company's Motion to Dismiss Plaintiff's Amended Complaint and to Strike Plaintiff's Jury Demand was filed with the Court and mailed on October 30, 2002 by United States Postal Service, First Class Mail, Postage Prepaid to counsel for Defendants as follows:

> Patricia C. Collins, Esquire
> Elliott, Reihner, Siedzikowski & Egan, P.C.
> Union Meeting Corporate Center V
> P.O. Box 3010
> 925 Harvest Drive
> Blue Bell, PA 19422

**M. MARK MENDEL, LTD.**

BY: _____
**THEODORE A. SCHWARTZ, ESQUIRE
ATTORNEY I.D. NO. 09256
KENNETH B. GREAR, ESQUIRE
ATTORNEY I.D. NO. 81608
ATTORNEYS FOR PLAINTIFF
1620 LOCUST STREET
PHILADELPHIA, PA 19103-6392
TELEPHONE NO. (215) 732-7200
FAX NO. (215) 546-3277**

**DATE:** _____