IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHELE RICCI** : | | |
| : | CIVIL ACTION | |
| **Plaintiff,** : | | |
| : | | |
| v. : | 02-CV-4330 | |
| : | | |
| **AETNA, INC. d/b/a AETNA U.S.** : | | |
| **HEALTHCARE and AETNA LIFE** : | | |
| **INSURANCE COMPANY** : | | |
| : | | |
| **Defendants.** : | | |

# ORDER

AND NOW, this ___ day of April, 2003, upon consideration of Aetna's Motion to Amend Interlocutory Order to Certify Pursuant to 28 U.S.C. § 1292(b), and Plaintiff's response thereto, it is hereby ORDERED that said Motion is GRANTED and that the Order entered on March 12, 2003 denying Aetna's Motion to Dismiss is hereby amended to include the following paragraphs:

"1. This Order involves a controlling question of law as to which there are substantial grounds for difference of opinion; and

2. An immediate appeal from this Order may materially advance the ultimate termination of this litigation."

It is further ORDERED that this proceeding is stayed pending review by the United States Court of Appeals for the Third Circuit.

BY THE COURT:

_____
Savage, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | : | |
|---|---|---|
| **MICHELE RICCI** | : | |
| | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| v. | : | 02-CV-4330 |
| | : | |
| **AETNA, INC. d/b/a AETNA U.S.** | : | |
| **HEALTHCARE and AETNA LIFE** | : | |
| **INSURANCE COMPANY** | : | |
| | : | |
| **Defendants.** | : | |

_____

**MOTION TO AMEND THIS COURT'S MARCH 12, 2003 INTERLOCUTORY ORDER
TO CERTIFY PURSUANT TO 28 U.S.C. § 1292(B)
OF AETNA INC., d/b/a AETNA U.S. HEALTHCARE
AND AETNA LIFE INSURANCE COMPANY**

Defendants, Aetna Inc., d/b/a Aetna U.S. Healthcare and Aetna Life Insurance Company ("Aetna"), by and through their undersigned counsel, hereby move this Court to amend its March 12, 2003 Order to certify pursuant to 28 U.S.C. § 1292(b), and to stay this matter pending appeal, for the reasons set forth in the accompanying Memorandum of Law, which is incorporated herein by reference as if more fully set forth.

WHEREFORE, Aetna requests this Court to enter the Order attached hereto, and to grant such other and further relief as the Court deems just and appropriate.

                                                    RESPECTFULLY SUBMITTED,

OF COUNSEL:

ELLIOTT, REIHNER, SIEDZIKOWSKI       _____
& EGAN                                                      Patricia C. Collins
                                                                      Union Meeting Corp. Ctr. V
                                                                      925 Harvest Drive
                                                                      Blue Bell, PA 19422
                                                                      (215) 977-1000

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELE RICCI | : |
|         Plaintiff, | : CIVIL ACTION |
| v. | : 02-CV-4330 |
| AETNA, INC. d/b/a AETNA U.S. HEALTHCARE and AETNA LIFE INSURANCE COMPANY | : |
|         Defendants. | : |

**MEMORANDUM OF LAW IN SUPPORT OF THE
MOTION TO AMEND THIS COURT'S MARCH 12, 2003 INTERLOCUTORY ORDER
TO CERTIFY PURSUANT TO 28 U.S.C. § 1292(B)
OF AETNA INC., d/b/a AETNA U.S. HEALTHCARE
AND AETNA LIFE INSURANCE COMPANY**

     Defendants, Aetna Inc., d/b/a Aetna U.S. Healthcare and Aetna Life Insurance Company ("Aetna"), by and through their undersigned counsel, hereby submit this Memorandum of Law in support of Aetna's Motion to amend this Court's March 12, 2003 Order to certify pursuant to 28 U.S.C. § 1292(b). The Order, by its very language, presents a controlling question of law, as to which there is substantial difference of opinion, and an immediate appeal from the order will materially advance the ultimate termination of this litigation.

**STATEMENT OF FACTS**

     Plaintiff filed this action alleging violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and violations of Pennsylvania's bad faith statute, 42 Pa. C.S. § 8371. Plaintiff's Amended Complaint sought a jury trial and punitive damages, presumably based on the presence of the bad faith claim. Aetna filed a Motion to Dismiss the bad faith claims

and the ERISA claims, and to strike Plaintiff's demand for a jury trial.  This Court struck Plaintiff's jury demand, but denied Aetna's Motion to Dismiss Plaintiff's bad faith claim stating that because there was a split in authority in the Eastern District of Pennsylvania on the issue of whether ERISA preempts claims brought pursuant to Pennsylvania's bad faith statute, 42 Pa. C.S. § 8371, the Court would not dismiss the claim until the Third Circuit resolved the issue.

## ARGUMENT

    A.    **The Standard To Apply In Deciding To Certify Issues For Section 1292(b) Appeal Is Met By This Court's Denial of Aetna's Motion to Dismiss.**

Pursuant to 28 U.S.C. §1292(b), a district judge may certify an order for immediate appeal if it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. §1292(b).  The decision to certify an order for immediate appeal lies within the discretion of the trial court.  Orson, Inc. v. Miramax Film Corp., 867 F.Supp. 319, 320 (E.D.Pa. 1994).

Section 1292(b) "is designed to allow for early appeal of a legal ruling when the resolution of the issue may provide more efficient disposition of the litigation."  Ford Motor Credit Co. v. S.E. Barnhart & Sons, Inc., 664 F.2d 377, 380 (3d Cir. 1981); Mattioni, Mattioni & Mattioni, Ltd. v. Ecological Shipping Corp., 530 F. Supp. 910, 918 (E.D. Pa. 1982).  The order need not represent a final resolution of all issues.  See, e.g., Akerly v. Red Barn System, Inc., 551 F.2d 539, 542-43 (3d Cir. 1977); Ford Motor Credit Co., supra, 664 F.2d at 380.

The standard to be applied in deciding whether a §1292(b) appeal is appropriate for certification is based on the statute itself which recites three requirements:  (1) the order from which the appeal is taken must involve a controlling question of law; (2) there must be substantial grounds

for a difference of opinion concerning the issue; and (3) and immediate appeal should materially advance the ultimate termination of the litigation.  Orson, 867 F.Supp. at 321 (citing Zygmuntowicz v. Hospitality Invs., Inc., 828 F.Supp. 346 (E.D.Pa. 1993)).  This Court must certify its March 12, 2003 Order for immediate appeal because all three requirements are met.  Piazza v. Major League Baseball, 836 F.Supp. 269, 271 (E.D.Pa. 1993).

>   B.   **This Court's Holding That Bad Faith Claims Are Not Preempted By ERISA Is A Controlling Question Of Law.**

This Court's Order dismissing [WASN'T IT AN ORDER *DENYING* OUR MOTION??] Aetna's Motion to Dismiss involves a controlling question of law, requiring certification for appeal.  Orson, 867 F.Supp. at 321.  The Third Circuit has defined "controlling question of law" to encompass every order which, if found to be erroneous, constitutes a reversible error.  Katz v. Carte Blanche Corp., 496 F.2d. 747 (3d Cir. 1974).

This Court denied Aetna's Motion to Dismiss Plaintiff's Bad Faith claim, stating that it would not dismiss the case until the Third Circuit ruled on the issue of whether bad faith claims are preempted by ERISA.  If the Third Circuit found that such claims were preempted by ERISA after a trial of this matter, the Court's order would amount to reversible error.

>   C.   **There Are Substantial Grounds For A Difference Of Opinion Concerning The Issue**

Aetna must also demonstrate that there are substantial grounds for a difference of opinion concerning the issue in dispute.  Orson, 867 F.Supp. at 321.  In this case, the Court specifically noted that courts in the Eastern District of Pennsylvania are split on the issue of whether bad faith claims are preempted by ERISA.  The opinion of the Honorable Clarence C. Newcomer in Rosenbaum v. Unum Life Insurance Co., 2002 WL 1769899 (E.D. Pa. July 29, 2002), however wrongly decided, creates substantial grounds for a difference of opinion concerning the issue of

ERISA preemption of bad faith claims, and this difference is precisely why the Court denied Aetna's motion.

It is beyond dispute that state common law claims to recover benefits due under an employee welfare benefit plan fall directly under § 502(a)(1)(B) of ERISA, which provides an exclusive civil enforcement mechanism for resolution of such disputes.  29 U.S.C. § 1132(a)(1)(B); see e.g., Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 62-63, 107 S. Ct. 1543, 1546 (1987).

There is also no dispute here that Plaintiff's "statutory insurance bad faith" claim is based on an alleged denial of benefits, and that ERISA preempts those claims.  Therefore, Plaintiff can only avoid ERISA preemption if the Pennsylvania statute that is the basis for her bad faith claim is "saved" from preemption.  Every court, save one, that has looked at this issue, has found such claims preempted by ERISA.

Plaintiffs and this Court rely on that sole exception, Rosenbaum v. Unum Life Insurance Co., 2002 WL 1769899 (E.D. Pa. July 29, 2002), where the Honorable Clarence Newcomer held that bad faith claims were not preempted by ERISA, because bad faith claims fell into ERISA's "savings" clause.  Rosenbaum flies in the face of well-settled precedent.  See e.g., Campbell v. Prudential Insurance Co. of America, 2002 WL 462085, at *1 (E.D. Pa. March 25, 2002 (Ludwig, J.)( bad faith, declaratory judgment and breach of contract claims preempted); Cannon v. The Vanguard Group, 1998 WL 512935 at *3 (E.D. Pa. 1998) (Reed, J.)(bad faith claims preempted, listing cases); Rallis v. Transworld Music Corp., 1994 WL 96264 at *2-*4 (E.D. Pa. 1994)(Buckwalter, J.)(declaratory judgment, contract and bad faith claims preempted); Murphy v. Metropolitan Life Ins. Co., 152 F. Supp. 2d 755, 758 (E.D. Pa. 2001)(bad faith and consumer protection claims preempted); Brooks v Educators Mutual Life Ins. Co., 206 F.R.D. 96, 102 (E.D. Pa. 2002) (breach of contract and bad faith claims preempted); Miller v. Aetna Healthcare, 2001

WL 1609681 at *5 (E.D. Pa. Dec. 12, 2001)(Waldman, J.)(unfair trade practices and bad faith claims preempted).

In holding that [CITE FOR PA. BAD FAITH STATUTE] "regulates insurance" and is therefore saved from pre-emption Rosenbaum also ignores Supreme Court precedent finding that "bad faith" claims are preempted by ERISA because they would improperly create an alternative enforcement mechanism for contesting the denial of ERISA benefits. Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 54, 57 (1987)(Congress' decision to make the remedial provisions of Section 502(a) exclusive would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain alternative remedies under state law); Rush Prudential HMO, Inc. v. Moran, 122 S. Ct. 2151, 2166, 2167-68 (2002) ("we have recognized a limited exception from the saving clause for alternative causes of action and alternative remedies . . . ."); *id.* at 2174 (Thomas, J., dissenting) ("even a state law 'regulating insurance' will be pre-empted *if it provides a separate vehicle to assert a claim for benefits* outside of, or in addition to, ERISA's remedial scheme").

Every judge in the Eastern District of Pennsylvania who has looked at this issue since Rosenbaum has disagreed with its holding, and followed the Supreme Court's guidance in Pilot Life and Rush Prudential. See e.g., Sprecher v. Aetna U.S. Healthcare Inc., 2002 WL 1917711 (E.D. Pa. August 19, 2002); Kirkhuff v. Lincoln Technical Institute Inc., 2002 WL 31015204 (E.D. Pa. September 6, 2002); Bell v. Unum Provident Corp., 2002 WL 3109972 (E.D. Pa. September 19, 2002); Smith v. Continental Casualty Co., 02cv1915, slip opinion (Waldman, J.)(E.D. Pa. September 16, 2002); Chmielowiec v. Aetna Life Insurance Co., 02cv 7137, slip opinion (Schiller, J.) (E.D. Pa. January 27, 2003).

Reliance on Rosenbaum also ignores recent precedent from other circuits, holding that such claims are preempted by ERISA, and are not saved by ERISA preemption.  Conover v. Aetna U.S. Healthcare, 320 F.3d 1076 (10th Cir. 2003)(bad faith statute not saved from ERISA preemption because the statute allows remedies which Congress rejected for ERISA violations); Walker v. Southern Company Services, 279 F.3d 1289 (11th Cir. 2002) (Alabama bad faith); Howard v. Coventry Health Care of Iowa, Inc., 293 F.3d 442 (8th Cir. 2002) (Iowa bad faith); Hotz v. Blue Cross and Blue Shield of Mass., 292 F.3d 57 (1st Cir. 2002) (Mass. statute that the Court found analogous to the bad faith claim in Pilot Life).

However, because of its express reliance on recent Supreme Court opinions regarding ERISA preemption, Rosenbaum creates substantial grounds for a difference of opinion on this issue, as this Court's reluctance to rule on it demonstrates.  Further, a resolution of this issue will eliminate any confusion in the future about whether such claims are preempted by ERISA.

   D.    **An Immediate Appeal Will Materially Advance The Ultimate Termination of This Litigation**

Finally, Aetna must also demonstrate that an immediate appeal will materially advance the ultimate termination of the litigation.  Orson, 867 F.Supp. at 321.  Certification is required here because an interlocutory appeal potentially eliminates an entire count in the complaint.  Burt on Behalf of McDonnell Douglas v. Danforth, 742 F.Supp. 1043, 1054 (E.D.Mo. 1990).  Additionally, the resolution of an immediate appeal would clarify a complex issue and obviate the need for a jury trial for Plaintiff's statutory bad faith claims.  Courtney v. LaSalle University, 1996 WL 363910, at *2 (June 28, 1996, E.D. Pennsylvania)(Shapiro, J.).  Courts have allowed interlocutory appeals pursuant to Section 1292(b) where the appeal would resolve an issue of preemption raised by the court's denial of a motion to dismiss.  See e.g., Frank v. Delta Airlines, Inc., 314 F.3d 195, 197 (5th Cir. 2002).

The elimination of Plaintiff's bad faith claim, in the context of an ERISA case, would completely change the way that the case is prepared for trial and tried. The scope of discovery would be significantly more limited, the scope of review is completely different, the admissible evidence is completely different, and the manner in which the case is tried is different.

Discovery in an ERISA case is generally limited to the administrative record before the decision maker at the time of the decision in question, because that is all the Court can review in deciding Plaintiff's claim. Parente v. Aetna Life Insurance Co., 2001 WL 177086 (January 25, 2001 E.D. Pa.)(Harte, M.J.).

It is well-settled that in an ERISA claim for benefits, the Court's review of Plaintiff's claims is limited to the administrative record before Aetna at the time of its decision. Garcia v. Fortis Benefits Insurance Co., United States District Court for the Eastern District of Pennsylvania, civil action number 99-825, (slip opinion)(Robreno, J., Jan. 28, 2000) (citing Mitchell v. Eastman Kodak Co., 113 F.3d 422, 440 (3d Cir. 1997); see also Sandoval v. Aetna Life & Cas. Ins. Co., 967 F.2d 377, 380 (10th Cir. 1992); Cini v. Paul Revere Life Insurance Co., 50 F. Supp. 2d 419, 423, 425 (E.D. Pa. 1999). As the Honorable Eduardo C. Robreno stated in Garcia: "The curtain falls when the fiduciary completes its review." Garcia (citing Sandoval, 967 F.2d at 380).

In Cini, this Court refused to consider an affidavit from the Plaintiff because it contained information not submitted or reviewed by the plan administrator as part of the administrative record. Id. at 425. An administrator's decision cannot be considered arbitrary or capricious for failing to consider evidence or arguments not before it at the time of its determination. Sandoval, 967 F.2d at 381. This is because:

> A primary goal of ERISA was to provide a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously. Permitting or requiring district courts to consider evidence from both parties that was not presented to the plan administrator would seriously impair the achievement of that goal. If district courts heard evidence not presented to plan administrators, employees and their beneficiaries would receive less protection than Congress intended.

Perry v. Simplicity Engineering, 900 F.2d 963, 967 (6th Cir. 1990).

By contrast, in a suit for bad faith claim handling, the kind of broad discovery typically found in any tort lawsuit would obtain and expose the parties to considerable additional burden and expense that would not be present if the case were properly limited to an ERISA claim for benefits.

In addition to the considerable narrowing of discovery that would result from allowing an interlocutory appeal, the manner in which the case would be prepared and tried would be significantly affected, indeed, shortened. Thus the granting of this motion would ultimately serve the interests of judicial economy. Under Pennsylvania's bad faith statute, plaintiff would be entitled to a jury trial, Youngis Brothers & Company, Inc. v. Cigna Worldwide Insurance Co., 882 F. Supp. 1468, 1474-75 (E.D. Pa. 1994); and also be entitled to seek punitive damages. 42 Pa. C.S. § 8371(2). In an ERISA case, Plaintiff is not entitled to a jury trial, Pane v. RCA Corp., 868 F. 2d 631, 636 (3d Cir. 1989); Meshkov v. Unum Provident Corp., 209 F. Supp. 2d 459, 462 (E.D. Pa. 2002), can she recover compensatory or punitive damages. Corcoran v. United Healthcare, Inc., 965 F.2d 1321, 1335 (5th Cir. 1992); Worthington v. Metropolitan Life Ins. Co., 688 F. Supp. 298, 300 (S.D. Tex. 1987). ERISA limits Plaintiffs' damages to the value of benefits denied. Hamilton v. Mecca, Inc., 930 F. Supp. 1540, 1554 (S.D. Ga. 1996); Morford v. Reserve Life Ins. Co., 702 F. Supp. 603, 604 (S.D. W.Va. 1989).

Thus, allowing the bad faith claim to go forward changes every aspect of this case in terms of discovery, admissible evidence, how the case is tried, and available relief. A bad faith case

requires more discovery, a jury trial, and much broader monetary and equitable relief. An ERISA case requires limited discovery, a bench trial limited to the administrative record before Aetna at the time of its decision, and statutorily defined relief. A resolution of this issue will save needless waste of the Court's time and resources.[1]

## CONCLUSION

For all the foregoing reasons, Aetna requests this Court to enter the Order attached hereto dismissing Plaintiff's Amended Complaint, and striking Plaintiff's jury demand.

RESPECTFULLY SUBMITTED,

OF COUNSEL:

ELLIOTT, REIHNER, SIEDZIKOWSKI
& EGAN

_____
Patricia C. Collins
Union Meeting Corp. Ctr. V
925 Harvest Drive
Blue Bell, PA 19422
(215) 977-1000

---

[1] These same differences between ERISA and bad faith claims also requires the Court to enter a stay pending the outcome of the appeal, so that neither the parties nor the Court undertake needless use of resources and time.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this day a copy of the foregoing is being served upon the person(s) and in the manner set forth below:

**Via Facsimile and U.S. Postal Service**
**First Class Mail, Postage Prepaid**

Theodore A. Schwartz, Esquire
1620 Locust Street
Philadelphia, PA 19103-6392

_____
PATRICIA C. COLLINS

DATE: March 24, 2003