## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHELE RICCI** | : | |
| | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **02-CV-4330** |
| | : | |
| **AETNA, INC. d/b/a AETNA U.S.** | : | |
| **HEALTHCARE  and AETNA LIFE** | : | |
| **INSURANCE COMPANY** | : | |
| | : | **Electronically Filed** |
| **Defendants.** | : | |
| | : | |

## ORDER

AND NOW, this _____ day of _____, 2002, upon consideration of the

Motion for Enlargement of Time to File an Answer to Plaintiff's Amended Complaint of Aetna,

Inc., d/b/a/ Aetna U.S. Healthcare and Aetna Life Insurance Company, and any response thereto,

it is hereby **ORDERED** that said Motion is **GRANTED**.   The Answer with Affirmative

Defenses attached as Exhibit "A" to said Motion is hereby **FILED**.


BY THE COURT:


_____
Savage, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHELE RICCI** | : | |
| | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **02-CV-4330** |
| | : | |
| **AETNA, INC. d/b/a AETNA U.S.** | : | |
| **HEALTHCARE  and AETNA LIFE** | : | **Electronically Filed** |
| **INSURANCE COMPANY** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**MOTION FOR ENLARGEMENT OF TIME TO FILE
AN ANSWER TO PLAINTIFF'S AMENDED COMPLAINT OF
DEFENDANT AETNA INC. d/b/a/
AETNA U.S. HEALTHCARE AND AETNA LIFE INSURANCE COMPANY**

Defendants, Aetna Inc., d/b/a/ Aetna U.S. Healthcare and Aetna Life Insurance Company ("Aetna"), by and through its undersigned attorneys, hereby files the following Motion for Enlargement of Time to File an Answer to Plaintiff's Amended Complaint, for the reasons stated in the accompanying Memorandum of Law, incorporated herein as if more fully set forth.

WHEREFORE, Aetna respectfully requests this Court to grant its Motion, to allow for the filing of the attached Answer, and to award such other and further relief as the Court deems just and proper.

Respectfully submitted,

OF COUNSEL:
ELLIOTT REIHNER
SIEDZIKOWSKI & EGAN, PC

/s/ Patricia C. Collins

PATRICIA C. COLLINS
Union Meeting Corporate Center V
925 Harvest Drive
Blue Bell, PA  19422
977-1000

DATED: August 22, 2003

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHELE RICCI | : | |
| | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | **02-CV-4330** |
| | : | |
| AETNA, INC. d/b/a AETNA U.S. | : | |
| HEALTHCARE  and AETNA LIFE | : | **Electronically Filed** |
| INSURANCE COMPANY | : | |
| | : | |
| Defendants. | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF THE**
**MOTION FOR ENLARGMENT OF TIME TO FILE AN**
**ANSWER TO PLAINTIFF'S AMENDED COMPLAINTOF**
**DEFENDANT AETNA INC. d/b/a/**
**AETNA U.S. HEALTHCARE AND AETNA LIFE INSURANCE COMPANY**

Defendants, Aetna Inc., d/b/a/ Aetna U.S. Healthcare and Aetna Life Insurance Company

("Aetna"), by and through its undersigned attorneys, hereby submits the following Memorandum

of Law in Support of Aetna's Motion for Enlargement of Time to File its Answer to Plaintiff's

Amended Complaint.  To allow the filing of the Answer with Affirmative Defenses attached

hereto as Exhibit "A" would work no prejudice on Plaintiff, no delay in these proceedings, and

would instead expedite the resolution of this matter.  Further, the delay in filing the Answer is

the result of excusable neglect on the part of the undersigned counsel.

### STATEMENT OF FACTS

Plaintiff filed a  Complaint in this matter on June 28, 2002.  After some negotiation

regarding the allegations of the Complaint, the parties agreed to an extension on August 1, 2002,

and then on August 20, 2002 for Aetna to respond to the Complaint.  Based on discussions

among the parties during the extension period, Plaintiff filed an Amended Complaint on September 13, 2002. Aetna refrained from filing a responsive pleading on September 9, 2002, as required by the August 20, 2002 stipulation, to allow Plaintiff to file the Amended Complaint. Aetna then filed its Motion to Dismiss Plaintiff's Complaint, responding to that amended complaint, on October 2, 2002.

Aetna's Motion to Dismiss raised, and thus preserved the following defenses: ERISA preemption of Plaintiff's Bad Faith claim, failure to state a claim pursuant to ERISA, and the unavailability of a jury trial for Plaintiff's Bad Faith claims. Aetna then agreed to an extension for Plaintiff to respond to Aetna's Motion to Dismiss until October 30, 2002.

The parties undertook discovery while the Motion to Dismiss was pending, and the discovery deadline was extended twice during that period. The Court entered an Order denying Aetna's Motion to Dismiss the Bad Faith claim, and striking Plaintiff's jury demand on March 12, 2003 ("the March 12, 2003 Order"). On May 1, 2003, after reviewing the applicable law, and discussing the matter at length with Plaintiff's counsel, Aetna filed a Motion to Amend the March 12, 2003 Order, to certify the issue of ERISA preemption of Plaintiff's bad faith claim for appeal. Plaintiff joined in this motion on May 15, 2003. The Court denied the Motion on May 19, 2003, and then held a conference on May 29, 2003 to schedule the filing of dispositive motions. The Court set July 28, 2003 as the date for the filing of such motions and mandatory statements of undisputed facts. Each party then filed dispositive motions and statements of undisputed facts.

In Plaintiff's Statement of Undisputed Facts, Plaintiff points out that Aetna has not filed an Answer to Plaintiff's Amended Complaint. Plaintiff argues that the allegations of the Amended Complaint are thus admitted. In so doing, Plaintiff attempts to take improper

advantage of an excusable error on the part of Aetna's counsel arising from the timing of the May 19, 2003 Order, in conjunction with the deadline for filing dispositive motions. In fact, Aetna's counsel had prepared an answer and thought it been mailed to the court[1]. However, the attention of Aetna's counsel was directed to compiling the evidence to file the Motion for Summary Judgment and the Statement of Undisputed Facts, and she did not check the Court's file to make certain that the answer she thought she had sent to the Court had actually been filed.. Despite this oversight, Plaintiff cannot argue that she was not on notice that Aetna disputed the allegations of her complaint, because she conducted extensive discovery and was able to prepare a Motion for Summary Judgment that never once mentions the failure of Aetna to file an Answer with Affirmative Defenses.

Attached hereto is a proposed Answer with Affirmative Defenses to be filed on behalf of Aetna. The Answer with Affirmative Defenses raises no issues that have not already been raised in discovery and in Aetna's timely Motion to Dismiss.

## ARGUMENT

### I.    FEDERAL RULE OF CIVIL PROCEDURE 6(b)

Federal Rule of Civil Procedure 6(b) allows the Court to enlarge the time for filing an answer where there is excusable neglect. Fed. R. Civ. Pro. 6(b); In re Orthopedic Bone Screw Products Liability Litigation, 246 F.3d 315, 323 (3d Cir. 2001). In determining whether to allow such enlargement of time for filing, the Court should consider: 1) the danger of prejudice to the nonmovant; 2) the length of the delay and its potential effect on judicial proceedings; 3) the reason for the delay, including whether it was within the reasonable control of the movant; and

---

[1] Upon receiving Plaintiff's statement of undisputed facts, Aetna's counsel reviewed the file and the docket to determine what the basis was for Plaintiff's assertion that Aetna had not answered. She then found out that the answer had apparently not been filed, although her file contained not only her file copy but the service copy, both of which she thought had previously been filed and served.

4) whether the movant acted in good faith.  Excusable neglect under Rule 6(b) is a somewhat elastic concept, not limited strictly to omissions caused by circumstances beyond the control of the movant.  <u>S.E.C. v. Wynne</u>, 2002 WL 1774061, at * 1 (E.D. Pa. July 29, 2002)(citing <u>Pioneer Investment Services Co. v. Brunswick Assoc. LP</u>, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)).  The determination is thus an equitable one, taking into account all of the circumstances surrounding the party's omission, as set forth above.  <u>Id</u>.  As explained below, Aetna's motion qualifies under each of the four factors set forth by the Third Circuit and the United States Supreme Court.

## II.    ENLARGEMENT OF TIME TO FILE AN ANSWER IS APPROPRIATE

First, and most importantly, there is no prejudice to Plaintiff from the filing of the attached Answer.  Plaintiff has been on notice of Aetna's affirmative defenses to the allegations of Plaintiff's Amended Complaint since the outset of this case, through Aetna's Motion to Dismiss and other correspondence to Plaintiff regarding the Complaint and Amended Complaint.  Plaintiff has undertaken and completed discovery on all counts of the Amended Complaint fully aware of Aetna's position on the issues.  There is nothing raised in the Answer that has not been previously raised in this litigation.

In fact, while Aetna's Motion to Dismiss was still pending, Aetna objected to Plaintiff's requests for depositions of Aetna witnesses.  Plaintiff's counsel wrote to the Court seeking an order compelling the depositions.  Counsel for Aetna also wrote to the Court, explaining in detail its defenses to Plaintiff's allegations.  <u>See</u> February 13, 2003 Correspondence from Patricia C. Collins, Esquire to the Honorable M. Faith Angell, with a copy to Theodore Schwartz, Esquire.  Plaintiff's counsel has complete knowledge of Aetna's defenses, both affirmative and substantive, to Plaintiff's Amended Complaint.

Second, the length of the delay in filing the answer is minimal, scarcely two (2) months, assuming the Answer to the Amended Complaint would have been due in mid-June, and that Plaintiff would have readily granted an extension, given the fact that Aetna granted Plaintiff every extension requested throughout this litigation. Further, the delay will have no effect on this litigation at all, except to properly close the pleadings, because Plaintiff has undertaken discovery and filed a Motion for Summary Judgment without the assistance of an Answer to the Amended Complaint. In fact, both Courts of Appeals for the Fifth and the Ninth Circuits have held that where the deadline for the filing of an Answer is close to the deadline for filing a Motion for Summary Judgment, the Motion for Summary Judgment can be treated as a responsive pleading. Fuller v. Frank, 916 F.2d 558, 563 (9th Cir. 1990); Trotter v. Jack Anderson Enterprises, Inc., 818 F.2d 431, 436 (9th Cir. 1987). The Ninth Circuit based its holding on the United States Supreme Court's instruction that courts should "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome." Id. (citing Conley v. Gibson, 355 U.S. 41 (1957)).

Third, although the reason for the delay was within Aetna's control, Aetna delayed in filing the Answer not out of disregard for the Court or the Plaintiff, but because the attention of its counsel was directed toward the timely filing of its Motion for Summary Judgment and Statement of Undisputed Facts.[2]  Counsel's misstep was reasonable based on the extensive motion practice that accompanied the Amended Complaint, the fact that discovery was completed, and the timing of the Court's Order denying the Motion to Amend the Court's Order denying Aetna's Motion to Dismiss and the scheduling of deadlines for dispositive motions.

Fourth, there is no question that Counsel for Aetna has acted in good faith from the outset of this litigation, working closely with Plaintiff regarding the allegations of the Complaint and

---

[2] Indeed, as mentioned earlier, Plaintiff's counsel thought she had, in fact, filed the answer.

Amended Complaint, and the filing of dispositive motions. Aetna has complied with every deadline, rule of civil procedure and standing order of this Court, and has faithfully granted extensions to Plaintiff's counsel whenever requested.

Accordingly, it is within this Court's discretion to allow the filing of the attached Answer. To do so will formally close the pleadings of this matter, and allow the Court to reach the merits of the issues in this litigation that have already been joined by the parties' dispositive cross motions. Wynne, 2002 WL 1774061, at *2; Kleckner v. Glover Trucking Corp., 103 F.R.D. 553, 556 (M.D. Pa. 1984).[3] The Answer will work no prejudice on Plaintiff, and will not delay this matter, which is currently before the Court on Motions for Summary Judgment. Further, as the delay was the result of excusable neglect on the part of counsel for Aetna, an extension is appropriate under Rule 6(b).

## CONCLUSION

For all the foregoing reasons, Aetna respectfully requests this Court to grant its Motion, allow the filing of the Answer attached hereto as Exhibit "A," and grant such other and further relief as the Court deems just and appropriate.

---

[3] Further, as both the Wynne and Kleckner opinions point out, the Court would be required to open a judgment in Plaintiff's favor based solely on the failure to answer the complaint.

Respectfully submitted,

OF COUNSEL:
ELLIOTT REIHNER
SIEDZIKOWSKI & EGAN, PC

/s/ Patricia C. Collins

PATRICIA C. COLLINS
Union Meeting Corporate Center V
925 Harvest Drive
Blue Bell, PA  19422
977-1000

DATED: August 22, 2003

## CERTIFICATE OF SERVICE

I, Patricia C. Collins, Esquire, hereby certify that on this date I served the foregoing upon the following and in the manner indicated below:

**Via Overnight Mail**

Theodore A. Schwartz, Esquire
1620 Locust Street
Philadelphia, PA 19103-6392

/s/ Patricia C. Collins
Patricia C. Collins, Esquire

DATED:    August 22, 2003

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| MICHELE RICCI | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | 02-CV-4330 |
| | : | |
| AETNA, INC. d/b/a AETNA U.S. | : | |
| HEALTHCARE and AETNA LIFE | : | |
| INSURANCE COMPANY | : | |
| | : | Electronically Filed |
| Defendants. | : | |
| | : | |

ANSWER WITH AFFIRMATIVE DEFENSES OF
AETNA INC. d/b/a AETNA U.S. HEALTHCARE and
AETNA LIFE INSURANCE COMPANY

Defendant, Aetna Inc., d/b/a Aetna U.S. Healthcare and Aetna Life Insurance Company, by and through its undersigned counsel, hereby submits the following Answer with Affirmative Defenses to Plaintiff's Amended Complaint, and states:

1.    Admitted.

2.    Admitted.

3.    Denied as a legal conclusion to which no response is required.

4. – 5.    Admitted.

6.    Admitted in part and denied in part.  It is denied that Aetna had any duty to provide the "contract" to Plaintiff.  Further, Plaintiff received the applicable Plan documents from her employer, Covance.

7.    Admitted.

8.    Admitted.

9.     Admitted.

10.    Admitted.

11.    Denied.  The Plan under which Plaintiff received Long Term Disability benefits is a writing which speaks for itself.

12.    Admitted.

13.    Admitted in part and denied in part.  It is admitted that Plaintiff was treated throughout her disability by Stephen L. Schwartz, M.D. It is further admitted that Plaintiff underwent independent medical examinations at the request of Aetna.  The remainder of the averments of this paragraph are denied.

14.    Denied.  Aetna's June 28, 2001 correspondence is a writing which speaks for itself.

15.    Denied as a legal conclusion to which no response is required.  By way of further denial, Aetna's termination of Plaintiff's benefits was consistent with the terms of the applicable Long Term Disability Plan and the information in Aetna's possession regarding Plaintiff's claim.

16.    Admitted.

17.    Admitted.

18.    Admitted.

19.    Denied as a legal conclusion to which no response is required.  See response to paragraph 15.

20.    Denied as a legal conclusion to which no response is required.

21.    Denied as a legal conclusion to which no response is required.

### FIRST CLAIM FOR RELIEF

22.    Aetna incorporates by reference the foregoing paragraphs as if more fully set forth herein.

23.    Denied.

WHEREFORE, Aetna demands judgment in its favor on Plaintiff's First Claim for Relief.

## SECOND CLAIM FOR RELIEF

24.    Aetna incorporates by reference the foregoing paragraphs as if more fully set forth herein.

25.    Denied.

WHEREFORE, Aetna demands judgment in its favor on Plaintiff's Second Claim for Relief.

## AFFIRMATIVE DEFENSES

26.    The answers in the foregoing paragraphs, are incorporated herein by reference as if more fully set forth.  Additionally, the following Affirmative Defenses are asserted herein.  Any inadvertent omission of an Affirmative Defense shall not be deemed an admission and Aetna does not waive any rights herein.

### FIRST DEFENSE

Plaintiff is not entitled to penalties under 29 U.S.C. § 1132(c).

### SECOND DEFENSE

Plaintiff's Complaint fails to state a cause of action against Defendants upon which relief may be granted.

### THIRD DEFENSE

Plaintiff's claims are preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq.

WHEREFORE, for all the foregoing reasons, Aetna demands judgment in its favor on Plaintiff's Amended Complaint.


Respectfully submitted,


OF COUNSEL:
ELLIOTT REIHNER
SIEDZIKOWSKI & EGAN, PC

/s/ Patricia C. Collins

PATRICIA C. COLLINS
Union Meeting Corporate Center V
925 Harvest Drive
Blue Bell, PA  19422
977-1000

DATED: August 22, 2003

## CERTIFICATE OF SERVICE

I, Patricia C. Collins, Esquire, hereby certify that on this date I served the foregoing upon the following and in the manner indicated below:

**Via Overnight Mail**

Theodore A. Schwartz, Esquire
1620 Locust Street
Philadelphia, PA 19103-6392

/s/ Patricia C. Collins
Patricia C. Collins, Esquire

DATED:     August 22, 2003

**EXHIBIT "B"**

– LAW OFFICES –

# ELLIOTT REIHNER SIEDZIKOWSKI & EGAN, P.C.

UNION MEETING CORPORATE CENTER V
P.O. BOX 3010
925 HARVEST DRIVE
BLUE BELL, PENNSYLVANIA 19422

215-977-1000
TELECOPIER: 215-977-1099

400 SPRUCE STREET
SCRANTON, PENNSYLVANIA 18503
570-346-7569

38 NORTH SIXTH STREET
READING, PENNSYLVANIA 19601
610-374-6756

GOVERNOR'S ROW
27 NORTH FRONT STREET
HARRISBURG, PENNSYLVANIA 17108
717-234-8010

Patricia C. Collins
Direct Dial: 215-977-1089

February 13, 2003

**VIA FACSIMILE (215-580-2165) AND FIRST CLASS MAIL**
The Honorable M. Faith Angell
United States Magistrate Judge
United States Courthouse
Room 3030
601 Market Street
Philadelphia, PA 19106-1797

RE:    Ricci v. Aetna, Inc., et al.,  E.D. Pa. No. 02-CV-4330

Dear Judge Angell,

I write to you on behalf of Aetna to respond to Plaintiff's letter of February 12, 2003 regarding the requested depositions of Aetna employees in the above-referenced matter.

Although Plaintiff's correspondence raises many extraneous issues, and makes some untrue allegations, I will focus first on the dispute at hand. The issue concerns whether Plaintiff is entitled to the deposition of two Aetna employees. The employees in question are the claims analyst and appeals analyst who worked on Plaintiff's claim for long term disability. Plaintiff requested these depositions on or around January 24, 2003, "to admit on the record in Deposition that the documents your client produced are indeed all of the records that exist with respect to this claim and are the only records that were used to deny Plaintiff's claim for long term disability benefits." See January 24, 2003 Correspondence, Exhibit "1" to Plaintiff's counsel's February 12, 2003 Correspondence. In correspondence to this Court, Plaintiff provides two other purposes for the depositions: to obtain testimony about "Aetna's process of decision making regarding their commitment for years to pay long term disability benefits to the plaintiff"; and "Aetna's process of decision making regarding their decision to suddenly deny these benefits."

None of these stated purposes for the depositions makes those depositions "likely to lead to the discovery of admissible evidence." First, Aetna has offered to provide affidavits that the records provided constitute the entire administrative record for purposes of Plaintiff's claim. Certainly, if Plaintiff believes that this is not the administrative record, or that some records are missing, this has never been brought to Aetna's attention.

The Honorable M. Faith Angell
February 13, 2003
Page Two

Second, and most importantly, no testimony of either of the deponents would be admissible at a trial of this matter. The only admissible evidence regarding Aetna's deliberative process in either maintaining or denying Plaintiff's claim for long term disability benefits is contained in the administrative record. As Plaintiff pointed out, that record is 659 pages long, and contains medical records, handwritten notes, correspondence, and computer screens logging every single action that took place on Plaintiff's claim and appeal. The "decision making process" that the Court will review at trial of this matter is contained in those 659 pages.

It is well-settled that the Court's review of Plaintiff's claims is limited to the administrative record before Aetna at the time of its decision. Garcia v. Fortis Benefits Insurance Co., United States District Court for the Eastern District of Pennsylvania, civil action number 99-825, (slip opinion)(Robreno, J., Jan. 28, 2000) (citing Mitchell v. Eastman Kodak Co., 113 F.3d 422, 440 (3d Cir. 1997); see also Sandoval v. Aetna Life & Cas. Ins. Co., 967 F.2d 377, 380 (10th Cir. 1992); Cini v. Paul Revere Life Insurance Co., 50 F. Supp. 2d 419, 423, 425 (E.D. Pa. 1999). As the Honorable Eduardo C. Robreno stated in Garcia: "The curtain falls when the fiduciary completes its review." Garcia (citing Sandoval, 967 F.2d at 380).

In Cini, this Court refused to consider an affidavit from the Plaintiff because it contained information not submitted or reviewed by the plan administrator as part of the administrative record. Id. at 425. An administrator's decision cannot be considered arbitrary or capricious for failing to consider evidence or arguments not before it at the time of its determination. Sandoval, 967 F.2d at 381. This is because:

> A primary goal of ERISA was to provide a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously. Permitting or requiring district courts to consider evidence from both parties that was not presented to the plan administrator would seriously impair the achievement of that goal. If district courts heard evidence not presented to plan administrators, employees and their beneficiaries would receive less protection than Congress intended.

Perry v. Simplicity Engineering, 900 F.2d 963, 967 (6th Cir. 1990).

Here, testimony provided by any Aetna employee regarding "the decision making process" would be necessarily constitute inadmissible evidence outside of the administrative record, presented to distract the Court form the only evidence it can consider in this case. This evidence is not part of the record that Aetna reviewed when it terminated Plaintiff's claim for long term disability benefits. Plaintiff cites no case law to support any entitlement to this testimony in an ERISA case, and in fact flaunts the purpose of the rule by seeking discovery that cannot, under any circumstances, be admissible in an ERISA case.

The Honorable M. Faith Angell
February 13, 2003
Page Three

I must now respond to some of the untruths in Plaintiff's correspondence. It is not true that Aetna has not provided plan documents to Plaintiff or her counsel. First, Plaintiff was told when she first requested the Plan documents that she must ask her employer, Covance, for the Plan. (See page 187 of the Administrative Record, attached hereto). Apparently, Plaintiff did request the Plan, and received it from her employer. (See pages 391-393 of the Administrative Record, attached hereto). In fact, counsel for Plaintiff must have had the opportunity to review it, because on September 26, 2001, Plaintiff's counsel wrote to Aetna stating that Aetna was violating the terms of the Administrative Services Contract between Aetna and Covance. (See page 394 of the Administrative Record, attached hereto). Also, as part of her employment, Plaintiff would have received Summary Plan Descriptions detailing the operative terms of the Plan.

Further, Aetna provided the Administrative Services Agreement, the Summary of Coverage and the Managed Disability Plan to Plaintiff with the Administrative Record. (See Table of Contents for Administrative Record, attached hereto, specifically at pages 226, 399 and 411).

It is also untrue that counsel for Aetna has been anything but straightforward with Plaintiff regarding every aspect of this case. I specifically informed Plaintiff's counsel that I would have to speak with Aetna regarding issues for the requested depositions. Counsel for Plaintiff and Aetna have worked amicably throughout this case to expedite discovery. Counsel for Aetna has agreed to literally every request for extension of time requested by Plaintiff, and, contrary to Plaintiff's assertions, provided the administrative record to Plaintiff prior to any mandated deadline to do so. I have assisted Plaintiff's counsel with some of the case law and technical issues involved with ERISA cases well beyond what would have been required under the ethical rules or the Rules of Civil Procedure. Further, on behalf of Aetna, I proposed affidavits or interrogatories to provide the information Plaintiff seeks. Aetna has properly asserted its right under the Rules of Civil Procedure and the case law to object to Plaintiff's requested discovery which necessarily will not lead to the discovery of admissible evidence.

In determining that Plaintiff suffered from a mental/ nervous limitation, rather than a physical limitation, Aetna relied upon the entire Administrative Record which was produced to Plaintiff's counsel in October and which has been in Plaintiff's counsel's possession for more than four (4) months. That record reveals that Plaintiff was not under the care of a physician for Chronic Fatigue Syndrome, but that she was under the care of a psychiatrist for a somatoform disorder. That record also reveals that the applicable Plan contained a limitation of twenty-four (24) months of benefits for a mental / nervous limitation, and that Plaintiff had already exhausted those benefits. All of the evidence used to make that determination that will be admissible at trial is contained in the administrative record, and discovery in this case should be so limited.

The Honorable M. Faith Angell
February 13, 2003
Page Four


    Aetna appreciates the Court's attention to this dispute, and is available at the Court's convenience to discuss these issues.


Very truly yours,

Patricia C. Collins


PCC/mmy
Enclosures
cc:    Theodore Schwartz, Esquire