IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHELE RICCI,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| VS. | : | |
| | : | |
| **AETNA, INC., D/B/A** | : | |
| **AETNA U.S. HEALTHCARE AND** | : | |
| **AETNA LIFE INSURANCE COMPANY,** | : | **NO. 02-CV-4330** |
| Defendants. | : | |

## ORDER

**AND NOW**, this ____ day of _____, 2003, upon consideration of the Motion for Summary Judgment of Defendant Aetna, Inc., d/b/a Aetna U.S. Healthcare and Aetna Life Insurance Company, and Plaintiff's Response thereto, it is hereby **ORDERED** and **DECREED** that Defendants' Motion is **DENIED** with prejudice and Plaintiff's Motion for Summary Judgment is **GRANTED**.

BY THE COURT:

_____ J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELE RICCI,<br>　　　　　Plaintiff,<br>VS.<br>AETNA, INC., D/B/A<br>AETNA U.S. HEALTHCARE AND<br>AETNA LIFE INSURANCE COMPANY,<br>　　　　　Defendants. | CIVIL ACTION<br><br><br><br><br>NO. 02-CV-4330 |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS, AETNA, INC., D/B/A AETNA U.S. HEALTHCARE AND AETNA LIFE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Michele Ricci, by and through her attorneys, M. Mark Mendel, Ltd., files this Response in Opposition to Defendants, Aetna, Inc., d/b/a Aetna U.S. Healthcare and Aetna Life Insurance Company (hereinafter referred to as defendant "Aetna") Motion for Summary Judgment. Defendant, Aetna, admits the following paragraphs of Plaintiff's Statement of Undisputed Facts:

2. - 5; 6, 7; 9 - 14; 16 - 20; 20, 21; 24, 25, 27; 34 - 35; 39; 42 - 50; 52; 54; 56 - 58; 60, 61 and 65.

Additionally, contrary to defendant Aetna's representation in its response to the Plaintiff's Motion for Summary Judgment, the plaintiff did not admit in any way that she was not under the care of a physician for Chronic Fatigue Syndrome in her Memorandum of Law in support of her Motion for Summary Judgment. Defendant Aetna, is attempting to create admission in order to bolster its fallacious argument which is basically that the plaintiff's claim was properly terminated by Aetna because the plaintiff was not being treated for a physical condition but rather was receiving treatment for a mental condition and her benefits for that kind of disability were totally exhausted. This simply is not true.

I.   **STATEMENT OF FACTS**

Plaintiff incorporates herein by reference her Statement of Undisputed Facts (and all Exhibits) filed with the Court on July 28, 2003. Further, the plaintiff incorporates by reference her Response to defendant Aetna's Statement of Undisputed Facts which will be filed simultaneously with this Memorandum of Law.

II.   **LEGAL ARGUMENT**

In an effort to streamline this case and specifically this Response, the plaintiff incorporates herein by reference as if fully set forth herein at length her Motion for Summary Judgment and Memorandum of Law in support thereof directed to defendant Aetna, filed with the Court on July 28, 2003. There is no need to restate the Summary Judgment's standard nor is there any reason to further burden the Court with an exhaustive argument restating the arguments previously set forth in plaintiff's Memorandum of Law.

However, since defendant Aetna has admitted that it is fully responsible for administering the plan, funding the plan and also exercising complete discretion over determinations of disability under the plan, the plaintiff would now like to supplement her Motion for Summary Judgment and Memorandum of Law in support, with a short discussion about the case of <u>Chmielowiec v. H. B. Fuller Co. Long Term Disability Plan</u>, 2003 W.L. 21660030 (E.D.Pa.) in which the District Court was presented with a very similar factual scenario. A true and correct copy of this Opinion is attached hereto, made part hereof and marked as **Exhibit "A"**. In <u>Chmielowiec</u>, the plaintiff who was in his thirties worked as a Sales Representative in 1997 for a packaging converting group. In 1999 the plaintiff's job duties included visiting four to five customers per week which entailed

2

driving approximately 700 miles per week. Additionally, the plaintiff was required to lift boxes weighing up to 50 pounds.

In July of 1999 Mr. Chmielowiec became disabled from full time employment and was diagnosed with Chronic Fatigue Syndrome and other aliments. Aetna subsequently certified Mr. Chmielowiec as disabled on July 26, 1999 and paid the managed disability benefits to which plaintiff was entitled for 180 days.

Prior to approving Mr. Chmielowiec's claim for disability benefits Aetna required plaintiff to submit to functional capacity evaluations and independent medical exams. In March of 2002 Aetna required the plaintiff to undergo another round of IME's. One of the IME's was performed by Russell J. Stumacker, M.D. Dr. Stumacker concluded that Mr. Chmielowiec indeed had Chronic Fatigue Syndrome and was considerably disabled as a result. Further, Dr. Stumacker indicated that he expected a remission at some undetermined time in the future and recommended the plaintiff be examined again in 6 to 8 months. In July and August of 2001 Elizabeth Genovese, M.D. performed an independent medical examination of the plaintiff and determined that although the plaintiff suffered from fatigue, that the fatigue would not become a reason for him to stay out of work, but instead should be managed pro-actively. Dr. Genovese recommended that the plaintiff attend work hardening sessions which the plaintiff did attend and Aetna paid for.

In November 2001 Aetna Claims Analyst, Marie McConnell, determined that from the available evidence the plaintiff was capable of returning as a Sales Representative and in December of 2001 Aetna sent plaintiff a letter indicating that it had determined that the plaintiff was capable of performing his own occupation and terminated plaintiff's long term disability benefits. The plaintiff disagreed with this determination and filed an Administrative Appeal.

Mr. Chmielowiec began an action against his employer as well as Aetna claiming that Aetna violated the Employee Retirement Income Security Act (ERISA) in finding that he was not disabled within the meaning of the plan and determining that he was no longer entitled to long term disability benefits. After discovery the parties filed Cross Motions for Summary Judgment.

The <u>Chmielowiec</u> Court granted plaintiff's Summary Judgment Motion and simultaneously denied the defendant's Motion for Summary Judgment. A key factor in granting the plaintiff's Summary Judgment Motion on the issue of ERISA violations was derived from the Court's application of the standard of review required when an insurance company is the administrator of claims as well as the payer of benefits. In this situation, the insurer is deemed to be operating under a conflict of interest and that conflict must be weighed as a fact in determining whether there is an abuse of discretion. Further, the <u>Chmielowiec</u> Court adopted the Third Circuit standard which is that such conflict situations require the application of a sliding scale method which intensifies the degree of scrutiny to match the degree of conflict involved. As a result, in applying this standard, evidence of procedural anomalies warrant application of more weight to the conflict along the sliding scale thereby requiring a greater degree of skepticism. The result of this conflict sliding scale analysis is that the greater the evidence of procedural anomalies the Court must apply a greater degree of skepticism to the insurance company's decision to deny benefits. In other words, the Court must view the evidence in a light more favorable to the claimant.

In <u>Chmielowiec</u>, the Court found the presence of at least three significant anomalies necessitating the application of a heightened standard of review. It found that it was undisputed that Aetna mistakenly evaluated plaintiff's claim under an inapplicable definition of disability. Second, Aetna's determination that Mr. Chmielowiec was no longer disabled was based on a selective

4

consideration of the available medical evidence. Last, during the administer of appeal's process, Aetna failed to produce all documents requested by plaintiff's counsel and did not reach a decision regarding plaintiff's appeal in a timely fashion. As a result, the Chmielowiec Court determined that Aetna's decision to terminate benefits deserved only minimal deference. Based upon this analysis, the Court finally granted plaintiff's Motion for Summary Judgment on the ERISA violations and denied the defendant's Motion for Summary Judgment.

Similarly, in the present case, the plaintiff like the plaintiff in Chmielowiec, was diagnosed with Chronic Fatigue Syndrome, a physical condition. Defendant Aetna, in the present case has admitted to operating under a conflict. See defendant, Aetna's Memorandum of Law in Support of its Motion for Summary Judgment at Pages 4 and 5. Thus, as in Chmielowiec, this Court must apply a heightened standard of review identical to that which was applied by the Court in Chmielowiec.

In the present, case as in Chmielowiec, there is the existence of significant procedural anomalies warranting this Court to apply a greater degree of skepticism to defendant Aetna's conduct in denying the plaintiff's disability benefits. For example, defendant Aetna, selectively relied upon the medical evidence when deciding to terminate the plaintiff's benefits. Defendant Aetna, rejected plaintiff's disability claim even though plaintiff's treating physician, Dr. Schwartz, confirmed the diagnosis of the physical condition of Chronic Fatigue Syndrome in plaintiff from 1995 up through August of 2001 and beyond. Further, not one of defendant Aetna's seven (7) reviewing doctors concluded that the plaintiff was not disabled because she did not have Chronic Fatigue Syndrome nor did any of these same doctors conclude that the plaintiff was not disabled because she had a mental nervous condition. Aetna's own group plan summary of coverage language which provided "a certified period of disability winded after twenty-four (24) months if Aetna determines that the

5

disability is, at any time, caused to any extent by a mental condition (including conditions relating to alcoholism or drug abuse) described in the most current edition of the DSM' is another example of an anomaly in the form of an incomprehensible and ambiguous contractual provision which is so one sided in favor of defendant Aetna, that it allows no room for the claimant to remain disabled even when the physical condition causing the disability has sequelae involving mental suffering.

Further, another huge indication of the procedural anomaly is the fact that defendant Aetna, paid long term disability benefits to the plaintiff for over five (5) years based upon the diagnosis of the physical condition known as Chronic Fatigue Syndrome and her resulting disability as a result of that diagnosis and suddenly in July of 2001, defendant Aetna, terminated the payment of these benefits. Finally, in March of 2000, defendant Aetna, began the process of scheduling a surveillance of the plaintiff. However, defendant, Aetna, never followed through with this process and the surveillance was never performed.

In the present case like in <u>Chmielowiec</u>, Aetna's decision to terminate the plaintiff's disability benefits deserves only minimal deference. Thus, applying this standard against the backdrop of defendant Aetna's ludicrous conclusion that the plaintiff at the time of the termination of benefits was no longer being treated by a physician for a physical condition is simply in of itself, when combined with the anomalies discussed above, enough to conclude that Aetna's determination to terminate the plaintiff's disability benefits was completely wrong.

On the issue of Bad Faith preemption, the plaintiff basically stated in her Brief that she would not be briefing that issue since the Honorable Timothy J. Savage's March 12, 2003 Order indicated he would not be dismissing plaintiff's Bad Faith Claim until the Third Circuit resolved this issue. For purposes of completeness, the issue preemption is now ripe for decision in light of the very

6

recent decision in the case of <u>Rosenbaum v. Unum Life Insurance Co. of America</u>, 2003 WL 22078557 (E.Pa.) in which Judge Newcomer after applying the new standard enunciated by the United States Supreme Court in <u>Kentucky Association of Health Plans Inc. v. Miller</u>, 123 S.Ct. 1471 (2003) determined after reviewing a Motion for Reconsideration that a 42 Pa. C.S.A. § 8371 Bad Faith Claim survives both express and conflict preemption under ERISA.  A true and correct copy of this September, 2003 Opinion by Judge Newcomer is attached hereto, made part hereof and marked as **Exhibit "B"**.  The plaintiff relies entirely upon this Opinion on the issue of preemption and based upon this Opinion advocates the position that in the present case plaintiff's Bad Faith Claim is not preempted by ERISA and therefore this Court is free to make a determination on the merits of Plaintiff's Bad Faith Claim.  As for the merits of plaintiff's Bad Faith Claim, plaintiff in response to defendants' Motion for Summary Judgment on this issue incorporates herein by reference her argument set forth in her Memorandum of Law in support of her Motion for Summary Judgment on Pages 11 through 14 as if fully set forth herein at length.

### III.   <u>CONCLUSION</u>

For all of the above reasons, it is respectfully requested that Plaintiff's Motion for Summary Judgment be granted while simultaneously denying Defendant Aetna's Motion for Summary Judgment with prejudice. Further, plaintiff respectfully requests this Honorable Court to entertain oral argument on the issues in Plaintiff's Motion for Summary Judgment and this Response, as well as Plaintiff's Statement of Undisputed Facts and Response to Defendant Aetna's Statement of

Undisputed Facts.

**Respectfully Submitted:**

**M. MARK MENDEL, LTD.**

BY: _____
      **THEODORE A. SCHWARTZ, ESQUIRE**
      **Attorney I.D. No 09256**
      **KENNETH B. GREAR, ESQUIRE**
      **Attorney I.D. No. 81608**
      **Attorneys for Plaintiff**
      **1620 Locust Street**
      **Philadelphia, PA 19103-6392**
      **Telephone No. (215) 732-7200**
      **Fax No. (215) 546-3277**

**DATED:** _____

g:\tas\Ricci\R-MSJ.wpd

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHELE RICCI,** | : CIVIL ACTION |
| Plaintiff, | : |
| VS. | : |
| | : |
| **AETNA, INC., D/B/A** | : |
| **AETNA U.S. HEALTHCARE AND** | : |
| **AETNA LIFE INSURANCE COMPANY,** | : NO. 02-CV-4330 |
| Defendants. | : |

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of Plaintiff's Response to Defendant Aetna's Motion for Summary Judgment and Memorandum of Law in Support was filed with the Court and forwarded to the below referenced counsel via First Class United States Mail, postage prepaid on September 12, 2003:

> Patricia C. Collins, Esquire
> Elliott, Reihner, Siedzikowski & Egan, P.C.
> Union Meeting Corporate Center V
> P.O. Box 3010
> 925 Harvest Drive
> Blue Bell, PA 19422

**M. MARK MENDEL, LTD.**

BY: _____
**THEODORE A. SCHWARTZ, ESQUIRE**
**Attorney I.D. No 09256**
**KENNETH B. GREAR, ESQUIRE**
**Attorney I.D. No. 81608**
**Attorneys for Plaintiff**
**1620 Locust Street**
**Philadelphia, PA 19103-6392**
**Telephone No. (215) 732-7200**
**Fax No. (215) 546-3277**