IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHELE RICCI,** : | **CIVIL ACTION** |
| Plaintiff, : | |
| VS. : | |
| : | |
| **AETNA, INC., D/B/A** : | |
| **AETNA U.S. HEALTHCARE AND** : | |
| **AETNA LIFE INSURANCE COMPANY,** : | **NO. 02-CV-4330** |
| Defendants. : | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
STATEMENT OF UNDISPUTED FACTS**

Plaintiff, Michele Ricci, by and through her attorneys, M. Mark Mendel, Ltd., hereby submit this Response to Defendant, Aetna, Inc., d/b/a Aetna U.S. Healthcare and Aetna Life Insurance Company's (hereinafter referred to as "Aetna"), Statement of Undisputed Facts:

1. Denied. See Plaintiff's Statement of Undisputed Fact Paragraph 17.

2. Admitted.

3. Admitted in part; denied in part. It is admitted that at the beginning of plaintiff's disability claim there were indications that she had delayed sleep phase syndrome along with fatigue. It is denied that plaintiff's condition and disability at any time was caused by anything other than the physical condition of Chronic Fatigue Syndrome.

4. Admitted.

5. Admitted.

6. Admitted in part; denied in part. It is admitted that Stephen L. Schwartz, M.D. is a psychiatrist. It is denied, however, that just because he is a psychiatrist and that the plaintiff treated almost exclusively with Dr. Schwartz throughout her disability coverage with defendant Aetna, that she was not treating with a physician for a physical condition and its sequelae.

7. Admitted in part; denied in part. It is admitted that the IME performed by Dr. Ellis in May of 1996 was a confirmation of her disability. It is denied that any conclusion was made that this disability was temporary. Further, Dr. Ellis states that "there are no apparent mental restrictions." Exhibit "D" at Page 315.

8. Admitted.

9. Admitted in part; denied in part. It is admitted that Dr. James Bonner in his IME report dated June 1, 1998 basically concluded that plaintiff was capable of full time unrestricted work activity and that there was no "objective" evidence of any physical impairment. It is denied that Dr. Bonner concluded that the plaintiff did not have the physical condition of Chronic Fatigue Syndrome. Plaintiff incorporates by reference Paragraph 26 of her Statement of Undisputed Facts.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted in part; denied in part. It is admitted that some of the IME appointments were cancelled. It is denied, however, that the plaintiff wilfully refused to attend any IME's in any attempt to wilfully conceal her physical condition. Because of plaintiff's physical condition of Chronic Fatigue Syndrome, the plaintiff was concerned that traveling long distances to see an IME doctor would mean that she would have to have someone accompany her in case she had a problem with fatigue and driving. Further, other reasons for some of these IME appointment cancellations were because of plaintiff's obligations to her children and child care.

15. Admitted.

16. - 19. Denied. It is denied that Dr. Mark A. Moyer or Dr. Robert G. Slack made only those limited conclusions listed by defendant Aetna in Paragraphs 16 through 19 of their Statement of Undisputed Facts. By way of further response, plaintiff incorporates herein by reference Paragraphs 31 and 32 of her Statement of Undisputed Facts. Also, specifically referencing Paragraph 19 of defendant Aetna's Statement of Undisputed Facts it is specifically denied that Dr. Slack concluded that "there was no psychiatric disorder which disabled plaintiff from performing the essential functions of her job". To the contrary, Exhibit "D" at Page 346 Dr. Slack makes reference to a conversation he had with Dr. Schwartz regarding the fact that Dr. Schwartz saw no evidence that plaintiff's somatoform disorder had removed her from the option or choice of performing the essential functions of her own occupation. Dr. Slack further reported, in the context of his conversation with Dr. Schwartz, that the plaintiff's alleged disorder of Chronic Fatigue Syndrome would be the arena most impacting her alleged inability to work. See Exhibit "D" at Page 346.

20. Admitted. However, for further clarification, plaintiff incorporates herein by reference her response to Paragraphs 16 through 19 as if fully set forth herein at length.

21. Admitted.

22. - 23. Admitted in part; denied in part. It is admitted that Dr. Kemler performed a record review on behalf of defendant Aetna, and a result of that there was an order for a TSA and LMS analysis and survey and that this survey revealed that which Aetna has indicated in Paragraph 23. It is denied that Dr. Kemler's opinion was unequivocal regarding the non-existence of plaintiff's Chronic Fatigue Syndrome. By way of further response, plaintiff incorporates herein by reference Paragraphs 27 through 29 of Plaintiff's Statement of Facts as if fully set forth herein at length.

24. - 25. Admitted.

3

26. Denied. Plaintiff incorporates herein by reference Paragraph 33 of her Statement of Undisputed Facts as if fully set forth herein at length.

27. Admitted in part; denied in part. It is admitted that Dr. Korzeniowski recommended further blood testing and did state that if the test were normal then there would be no basis to conclude the plaintiff was disabled. It is denied, however, that Aetna had the ability to conclude that these tests were indeed normal in order to determine that the plaintiff was not disabled. Further, plaintiff incorporates herein by reference Paragraph 33 of her Statement of Undisputed Facts as if fully set forth herein at length.

28. Admitted.

29. Admitted.

30. Admitted in part; denied in part. It is admitted that the plaintiff indicated in an interview that she saw Dr. Stephen Schwartz, M.D. every other month as of October of 2000. It is denied, however, that Dr. Stephen Schwartz is not a physician. Dr. Stephen Schwartz is a medical doctor with a specialty in psychiatry.

31. Admitted in part; denied in part. It is admitted that the allegations in Paragraph 31 of defendant Aetna's Statement of Undisputed Facts is one of the conclusions that defendant Aetna, made before terminating the plaintiff's disability benefits. It is denied, however, that the stated conclusion and/or its premises are correct. In support of this denial, plaintiff incorporates herein by reference her entire statement of undisputed facts as if fully set forth herein at length.

32. Admitted in part; denied in part. It is admitted that defendant Aetna, made the determination it cites in Paragraph 32. It is denied, however, that this conclusion and/or determination was correct. In support of this denial, plaintiff incorporates herein by reference her entire Statement of Undisputed Facts as if fully set forth herein at length.

33. Admitted.

34. Admitted in part; denied in part. It is admitted that the plaintiff submitted a letter authored by Stephen L. Schwartz, M.D. dated August 14, 2001 in support of her appeal. This August 14, 2001 letter speaks for itself.

35. Denied. It is specifically denied that the plaintiff was not treating with a physician either before, at the time or after the denial of her disability benefits for the physical condition of Chronic Fatigue Syndrome which defendant Aetna admits and/or any for the sequelae of that physical condition. Further, the plaintiff was treating with Stephen L. Schwartz, M.D. who was a physician and a medical doctor trained in the diagnosis and treatment of physical conditions as well as specializing in the area of psychiatry.

36. Admitted in part; denied in part. It is admitted that the plaintiff submitted no other medical information with the appeal nor did she submit any basic blood test information to defendant, Aetna. It is specifically denied that the plaintiff failed to submit evidence that she was treating with a doctor for her physical condition of Chronic Fatigue Syndrome. Specifically, the Administrative Record is replete with citations from Stephen L. Schwartz, M.D., a physician and medical doctor about his conclusions regarding the plaintiff's diagnosis of having the physical condition of Chronic Fatigue Syndrome. Further, Dr. Schwartz, a physician, was not only treating the Chronic Fatigue Syndrome which was her basis disorder but the sequelae of that disorder. Plaintiff incorporates herein by reference Paragraphs 21, 36, 37, 38, 44, 55, 60, 61, 64 and 65 as if fully set forth herein at length.

37. - 38. Admitted.

39. - 40. Denied. It is specifically denied that Exhibit "A" attached to defendant Aetna's Statement of Undisputed Facts is the managed disability plan summary of coverage language that

5

the plaintiff relied upon in drafting her Statement of Undisputed Facts. However, the language with respect to "a reasonable occupation" and "any reasonable occupation" is basically the same.

41. - 44. Admitted in part; denied in part. It is admitted for purposes of this response that the paragraphs of the summary of coverage cited by defendant Aetna are very close and/or identical to the paragraphs and language that exists in the summary of coverage the plaintiff relied upon in drafting her Statement of Undisputed Facts and Motion for Summary Judgment. It is denied, however, that the language of the summary of coverage in Paragraphs 41 through 44 in any way provided defendant Aetna with a basis for terminating the plaintiff's disability benefits. In support of this denial, plaintiff incorporates herein by reference her entire Statement of Undisputed Facts as if fully set forth herein at length.

45. - 47. Admitted.

                                        M. MARK MENDEL, LTD.


                                        BY: _____
                                                **THEODORE A. SCHWARTZ, ESQUIRE**
                                                **Attorney I.D. No 09256**
                                                **KENNETH B. GREAR, ESQUIRE**
                                                **Attorney I.D. No. 81608**
                                                **Attorneys for Plaintiff**
                                                **1620 Locust Street**
                                                **Philadelphia, PA 19103-6392**
                                                **Telephone No. (215) 732-7200**
                                                **Fax No. (215) 546-3277**


**DATED: _____**



g:\tas\Ricci\R-SUF.wpd

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELE RICCI,<br>             Plaintiff,<br>    VS.<br><br>AETNA, INC., D/B/A<br>AETNA U.S. HEALTHCARE AND<br>AETNA LIFE INSURANCE COMPANY,<br>             Defendants. | CIVIL ACTION<br><br><br><br><br>NO. 02-CV-4330 |

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of Plaintiff's Response to Defendant Aetna's Statement of Undisputed Facts was filed with the Court and forwarded to the below referenced counsel via First Class United States Mail, postage prepaid on September 12, 2003:

        Patricia C. Collins, Esquire
        Elliott, Reihner, Siedzikowski & Egan, P.C.
        Union Meeting Corporate Center V
        P.O. Box 3010
        925 Harvest Drive
        Blue Bell, PA 19422

        **M. MARK MENDEL, LTD.**

        BY: _____
        **THEODORE A. SCHWARTZ, ESQUIRE**
        **Attorney I.D. No 09256**
        **KENNETH B. GREAR, ESQUIRE**
        **Attorney I.D. No. 81608**
        **Attorneys for Plaintiff**
        **1620 Locust Street**
        **Philadelphia, PA 19103-6392**
        **Telephone No. (215) 732-7200**
        **Fax No. (215) 546-3277**