# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **MICHELE RICCI** | : | |
| | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| v. | : | 02-CV-4330 |
| | : | |
| **AETNA, INC. d/b/a AETNA U.S.** | : | |
| **HEALTHCARE and AETNA LIFE** | : | |
| **INSURANCE COMPANY** | : | |
| | : | **Electronically Filed** |
| **Defendants.** | : | |
| | : | |

# ORDER

AND NOW, this _____ day of _____, 2003, upon consideration of Aetna's Motion for Leave to file a Reply Brief in Support of its Motion to For Summary Judgment, said Motion is hereby GRANTED.

Defendants' Reply Brief is hereby deemed filed.

BY THE COURT:

_____
Savage,       J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **MICHELE RICCI** | : | |
| | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| v. | : | 02-CV-4330 |
| | : | |
| **AETNA, INC. d/b/a AETNA U.S.** | : | |
| **HEALTHCARE and AETNA LIFE** | : | |
| **INSURANCE COMPANY** | : | |
| | : | **Electronically Filed** |
| **Defendants.** | : | |
| | : | |

**MOTION FOR LEAVE TO FILE A REPLY BRIEF
AETNA INC. d/b/a/ AETNA U.S. HEALTHCARE
AND AETNA LIFE INSURANCE COMPANY
<u>IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT</u>**

Defendants, Aetna Inc., d/b/a Aetna U.S. Healthcare and Aetna Life Insurance Company ("Aetna"), by and through their undersigned counsel, hereby submit this Motion For Leave to file a Reply Brief In Support of its Motion to Dismiss to address one discrete issue raised by Plaintiff's Response to Aetna's Motion for Summary Judgment. After Aetna filed its Response to Plaintiff's Motion for Summary Judgment, but before Plaintiff filed her Response to Aetna's Motion for Summary Judgment, the Honorable Clarence Newcomer entered his opinion and order in <u>Rosenbaum v. Unum Life Insurance Co.</u>, which addresses the issue of preemption of Pennsylvania's "bad faith" statute under the Employee Retirement Income Security Act ("ERISA"). This very brief Reply will address that issue which Aetna has not yet had an opportunity to brief. The proposed Reply Brief is appended hereto as Exhibit "A".

WHEREFORE, Aetna requests that this Court enter an Order granting them leave to file a Reply Brief in support of their Motion for Summary Judgment.

                                              Respectfully submitted,

OF COUNSEL:                          /s/ Patricia C. Collins_____  
ELLIOTT REIHNER  
SIEDZIKOWSKI & EGAN, PC       PATRICIA C. COLLINS  
                                              Union Meeting Corporate Center V  
                                              925 Harvest Drive  
                                              Blue Bell, PA  19422  
                                              977-1000

DATED: October 2, 2003

# CERTIFICATE OF SERVICE

I, Patricia C. Collins, Esquire, hereby certify that on this date I served the foregoing upon the following and in the manner indicated below:

**Via First Class Mail, Postage Prepaid**

Theodore A. Schwartz, Esquire
1620 Locust Street
Philadelphia, PA 19103-6392

/s/ Patricia C. Collins
Patricia C. Collins, Esquire

DATED:    October 2, 2003

EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHELE RICCI** | : | |
| | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| v. | : | 02-CV-4330 |
| | : | |
| **AETNA, INC. d/b/a AETNA U.S. HEALTHCARE and AETNA LIFE INSURANCE COMPANY** | : | |
| | : | **Electronically Filed** |
| **Defendants.** | : | |

**REPLY IN SUPPORT OF THE
MOTION FOR SUMMARY JUDGMENT OF
DEFENDANT AETNA INC. d/b/a/
AETNA U.S. HEALTHCARE AND AETNA LIFE INSURANCE COMPANY**

Defendants, Aetna Inc., d/b/a/ Aetna U.S. Healthcare and Aetna Life Insurance Company ("Aetna"), by and through its undersigned attorneys, hereby file this very brief Reply in Support of their Motion for Summary Judgment. Plaintiff cites to two recent opinions in her Response to Aetna's Motion for Summary Judgment that require additional briefing from Aetna.

Plaintiff relies upon Chmielowiec v. HB Fuller Long Term Disability Plan, 2003 WL 21660030 (E.D. Pa., August 15, 2003)(Schiller, J.). Plaintiff begins by stating that Chmielowiec presents a "very similar factual scenario." This is simply untrue. The only fact in common between Chmielowiec and this case is that both claimants alleged disability due to Chronic Fatigue Syndrome. This is where the similarity ends. Benefits were terminated in Chmieloweic based on medical and vocational evidence that demonstrated that the plaintiff was no longer unable to perform the duties of his own occupation. Here, benefits were terminated because

Plaintiff had not been treated by a physician for her disabling condition, Chronic Fatigue Syndrome, as required by the Plan.

The Chmieloweic court found procedural anomalies that do not exist in this case. Aetna argued in its Response to Plaintiff's Motion for Summary Judgment, and incorporates that Response by reference here, that no procedural anomalies required the Court to apply a heightened standard in this case. Nothing in Chmielowiec requires this Court to apply anything but the most deferential standard of review because there is no evidence that any conflict of interest played a role in Aetna's decision to terminate benefits.[1]

Plaintiff also relies upon the Honorable Clarence C. Newcomer's recent opinion in Rosenbaum v. Unum Life Insurance Company, 2003 WL 22078557 (E.D. Pa. September 8, 2003)( Rosenbaum II).[2]

In Rosenbaum II, Judge Newcomer rejected the argument that Pennsylvania's bad faith statute is not a statute regulating insurance based on the principles set forth in Kentucky Association of Health Plans, Inc. v. Miller, 123 S.Ct. 1471 (2003). The Miller Court replaced the use of the McCarran-Ferguson factors to determine whether or not a statute regulates insurance with a new test. Id. at 1479. The new test requires courts to look at two factors in determining whether or not a statute regulates insurance: 1.) whether the statute is specifically directed toward entities engaged in insurance, and 2.) whether the statute substantially affects the risk pooling arrangement between the

---

[1] Plaintiff argues that the plan provision at issue here is ambiguous. As an initial matter, this has no bearing on the appropriate standard of review. Further, the language of the plan provisions applicable to this claim is not ambiguous. First, the Plan requires that if a disability is caused to any extent by a mental condition, benefits would terminate after twenty-four months. Second, the Plan requires that the claimant must be under the care of a physician f**or the disabling condition**. Nothing could be clearer. The issue here is thus not whether the plan allows benefits to continue if a person suffers from a mental disability as a result of a physical disability. Instead, the issue is whether Plaintiff was being treated by a physician *for her disabling condition*, Chronic Fatigue Syndrome. It is undisputed that she was not, and that she was only seeing a psychiatrist who plainly states that he was not treating her Chronic Fatigue Syndrome.

[2] Rosenbaum II is Judge Newcomer's opinion on Defendant's Motion for Reconsideration of the court's opinion in Rosenbaum I, discussed in Aetna's Motion for Summary Judgment and Response to Plaintiff's Motion for Summary Judgment.

insurer and insured.  Id.  Judge Newcomer found in Rosenbaum II that Pennsylvania's bad faith statute meets these factors, thus saving it from ERISA preemption.

Applying the same test from Miller to the same statute, two courts in this district have found that Pennsylvania's bad faith statute does not meet the second prong of the test,  McGuigan v. Reliance Standard Life Insurance Co., 256 F. Supp. 2d 345, 347 (E.D. Pa. 2003); Morales-Ceballos v. First UNUM Life Insurance Co., 2003 WL 22097483 (E.D. Pa. May 27, 2003)(McGirr-Kelly, J.), and therefore is not a statute which regulates insurance so as to save it from ERISA preemption.[3]  These courts noted that the statute did not affect the risk-pooling arrangement between insurer and insured.

More importantly, these cases addressed a factor that Judge Newcomer ignored in Rosenbaum I (and incorrectly analyzed in Rosenbaum II – see discussion below).  The McGuigan court properly focused on the fact that the statute provides an alternative remedy to the exclusive remedies provided in ERISA.  Id. at 349.  The McGuigan court concluded, as has every court that has looked at this issue, with the lone exception Judge Newcomer in Rosenbaum II, that nothing in recent Supreme Court jurisprudence was intended to overrule Pilot Life's holding that a statute cannot impose an alternative remedy to those remedies provided in ERISA's exclusive remedial scheme.  Id. at 349-50.[4]  In Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 54, 57 (1987), the Court noted Congress' decision to make the remedial provisions of Section 502(a) exclusive would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain alternative remedies under state law.  In Rush Prudential HMO, Inc. v.

---

[3] Judge Newcomer specifically disagrees with the conclusion in these opinions that Pennsylvania's bad faith statute does not meet the Miller test.

[4] In fact, two other Circuit Courts have noted the continuing vitality of this holding in Pilot Life and Rush even after Miller.  Singh v. Prudential Health Care Plan, Inc., 335 F.3d 278, 287 (4th Cir. 2003); Elliot v. Fortis Benefits Insurance Co., 337 F.3d 1138, 1146-47 (9th Cir. 2003).  In both of these cases the key issue was whether or not the statute in question create alternative remedies for ERISA violations prohibited by Rush and Pilot Life.  Id.

Moran, 122 S. Ct. 2151, 2166, 2167-68 (2002) the Court stated: "we have recognized a limited exception from the saving clause for alternative causes of action and alternative remedies . . . ." Even Justice Thomas, in dissent, agreed with this basic principle, stating: "even a state law 'regulating insurance' will be pre-empted *if it provides a separate vehicle to assert a claim for benefits* outside of, or in addition to, ERISA's remedial scheme." Id. at 2174 (Thomas, J.).

Nothing in Miller changes the Supreme Court's rulings that a statute which creates an alternative remedy for an ERISA claim is preempted by ERISA. Nevertheless, in Rosenbaum II, Judge Newcomer addressed this issue which he ignored in Rosenbaum I, and dismissed this holding in Rush and Pilot Life as mere dicta and "flawed" dicta at that. 2003 WL 22078557, at * 7. Judge Newcomer held that the Supreme Court was wrong,in Pilot Life (and presumably in all the numerous succeeding Supreme Court cases that have affirmed the vitality of Pilot Life) because it ignored Congress' supposed intent to exempt from ERISA preemption *all* state laws which regulate insurance.. In Judge Newcomer's view, the Supreme Court committed this error by finding that the exclusive remedies set forth in ERISA necessarily are in conflict with, and therefore preempt, statutes which broadly provide numerous alternative remedies -- remedies that Congress chose to omit from ERISA. Id. at *8. However, Judge Newcomer ignores Congress' primary intent, as set forth in Pilot Life and Rush, to create an **exclusive** civil enforcement mechanism for ERISA violations. To save from preemption statutes which create an alternative remedy for ERISA violations is directly contrary to Congress' intent.[5]

Accordingly, Plaintiff's reliance on Rosenbaum II cannot save Plaintiff's bad faith claim from ERISA preemption. The fact remains that whether or not Pennsylvania's bad faith statute regulates insurance, it improperly provides an alternative remedy for alleged ERISA violations.

---

[5] Indeed, Judge Newcomer improperly ignored United States Supreme Court precedent and followed his own interpretation of Congressional intent. As a matter of basic jurisprudence, it is not for a District Court to ignore repeated Supreme Court holdings.

Enforcement of state law which provides such alternative remedies is clearly prohibited by the United States Supreme Court in <u>Pilot Life</u> and <u>Rush</u>.  Aetna is entitled to judgment as a matter of law on this claim.

                                Respectfully submitted,

| | |
|---|---|
| OF COUNSEL: | /s/ Patricia C. Collins |
| ELLIOTT REIHNER | |
| SIEDZIKOWSKI & EGAN, PC | PATRICIA C. COLLINS |
| | Union Meeting Corporate Center V |
| | 925 Harvest Drive |
| | Blue Bell, PA  19422 |
| | 977-1000 |

DATED: October 2, 2003

**CERTIFICATE OF SERVICE**

    I, Patricia C. Collins, Esquire, hereby certify that on this date I served the foregoing upon the following and in the manner indicated below:

**Via First Class Mail, Postage Prepaid**

Theodore A. Schwartz, Esquire
1620 Locust Street
Philadelphia, PA 19103-6392

/s/ Patricia C. Collins
Patricia C. Collins, Esquire

DATED:   October 2, 2003