IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHELE RICCI, | : | CIVIL ACTION |
| Plaintiff, | : | |
| VS. | : | |
| | : | |
| AETNA, INC., D/B/A | : | |
| AETNA U.S. HEALTHCARE AND | : | |
| AETNA LIFE INSURANCE COMPANY, | : | NO.  02-CV-4330 |
| Defendants. | : | |
| | : | |

SUPPLEMENTAL MEMORANDUM
OF PLAINTIFF IN SUPPORT OF HER MOTION
FOR SUMMARY JUDGMENT AND IN OPPOSITION
TO THE MOTION OF DEFENDANT AETNA FOR SUMMARY JUDGMENT,
TOGETHER WITH REQUEST FOR REMOVAL OF CASE FROM CIVIL SUSPENSE

Plaintiff, by and through her undersigned attorneys, hereby files this Supplemental Memorandum as above captioned, as follows:

1. With respect to the removal of this case from civil suspense, plaintiff agrees with the position taken by defendants, in that there is no reason for this action to be in the status of civil suspense any longer now that the Third Circuit has decided the case of Barber v. Unum. Regrettably, it does not appear that plaintiff is entitled to bad faith punitive damages against defendants in this matter, pursuant to the aforesaid precedent. Since the plaintiffs in the Barber case have not filed any appeal in this matter to the United States Supreme Court, the matter constitutes *stare decisis*, which issue was the subject of the deferral order by this Court.

2. On the merits of the matter regarding entitlement of plaintiff to disability insurance benefits from defendant AETNA, certain factual and legal truisms are patently present, enumerated as follows:

   a. Substantial medical evidence exists which supports a diagnosis of plaintiff Michelle Ricci's condition as Chronic Fatigue Syndrome, not only through the consistent reports of Stephen Schwartz, M.D., plaintiff's treating physician, but also through the seven physicians who examined plaintiff Michelle Ricci at the request of defendant Aetna over the years.

   b. It is undisputed by the parties that Chronic Fatigue Syndrome is a "physical condition" within the meaning of the Aetna policy, and also within the parameters of the applicable medical literature.

   c. The sole reason why the benefits of plaintiff Michelle Ricci were terminated by Aetna had to do with the substance of treatment of Dr. Schwartz of Ms. Ricci, somehow justifying Aetna to conclude that he was treating her for a "psychological condition", rather than adhering to the correct interpretation of their own disability policy; that is, that

        Chronic Fatigue Syndrome is indeed a physical condition which has psychological sequelae, which condition does not fall within any of the termination provisions of the Aetna disability policy. To the Contrary, Aetna's sole reason for the termination of Ms. Ricci is that Aetna was of the opinion that Dr. Schwartz' statement that he was treating her for "psychological sequelae" of this physical condition, fell within the termination provisions of their policy which allows Aetna to terminate after twenty four months if the condition is <u>caused</u> to any extent by a psychological condition. There is no question that this disability of Ms. Ricci was not caused by any psychological condition; the disability of Ms. Ricci was caused by Chronic Fatigue Syndrome, which is a physical condition. Aetna's play on words and attempts at written gymnastics with words, attempt to obfuscate the plain meaning of the policy. Aetna has a problem with the people who drafted the wording of this termination provision; it should not have a problem with the plaintiff, who clearly qualifies for these disability payments, because her condition was caused by a physical condition.

d.      This conclusion is buttressed by the fact that the two Aetna employees who decided that she was not entitled to disability benefits admitted

that they did not know, nor did they even attempt to ascertain the meaning of the word "sequelae", before denying this unfortunate lady her disability benefits. It is difficult to believe that the Congress, in their infinite wisdom, would deny bad faith benefits to a plaintiff under these difficult and aggravating circumstances; nevertheless, the law is what it is, and plaintiff therefore requests full enforcement of the aforesaid policy against Aetna.

    e.    Defendants Aetna, at this late date, cannot invent any other reasons for termination of plaintiff, including failure to procure blood tests, that were neither suggested in its original termination letter nor in their motion for summary judgment, but are now suggested for the first time in its supplemental memorandum of law.  Defendants should be equitably estopped from pursuing any defense other than this alleged defense of a "psychological condition".

3.    In conclusion, for all of the foregoing reasons, as well as the reasons set forth in plaintiff's motion for summary judgment, her brief in support of the motion, and her opposing brief to defendant's motion for summary judgment, together with plaintiff's statement of undisputed facts, plaintiff respectfully requests that this court remove this case

from civil suspense, and enter an order in favor of the plaintiff and against defendants, fully enforcing the terms and conditions of plaintiff's disability policy with defendant , and ordering defendants to pay all benefits due and owing to her under said policy, together with counsel fees to be awarded to counsel for plaintiff and such other relief that this Honorable court deems just, necessary and proper.

                                            **RESPECTFULLY SUBMITTED**

                                            **M. MARK MENDEL, LTD.**

                                **BY: _____**
                                        **THEODORE A. SCHWARTZ, ESQUIRE**
                                        **Attorney I.D. No 09256**
                                        **Attorney for Plaintiff**
                                        **1620 Locust Street**
                                        **Philadelphia, PA 19103-6392**
                                        **Telephone No. (215) 732-7200**
                                        **Fax No. (215) 546-3277**

**Dated: May 25, 2005**