IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHELE RICCI** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **No. 02-4330** |
| | : | |
| **AETNA, INC. d/b/a AETNA U.S. HEALTHCARE and AETNA LIFE INSURANCE COMPANY** | : | |

## ORDER

**AND NOW**, this 27th day of July, 2005, it is **ORDERED** that oral argument on the cross-motions for summary judgment is scheduled for **Thursday, August 11, 2005, at 2:00 p.m., in Courtroom 15B**.

The parties shall be prepared to address (where appropriate, with citations to the record) the following issues:

1. What standard of review governs?

2. What is the relationship among Aetna, Inc., Aetna Life Insurance Company and Covance?

3. Who made the ultimate determination to terminate benefits – Aetna or Covance?

4. Was the plaintiff under the care of a physician "for" a disabling condition? If so, what?

5. Is Dr. Schwartz a physician under the policy?

6. Is a patient treating with a physician for the "sequelae" of a physical condition under the care of a physician?

7. Did the claims administrator or appeal team member involved in considering

of Ricci's claim know what the word "sequelae" meant?

8. Did Ricci's depression cause the disabling condition?

9. Is there any dispute that Ricci's depression was caused by chronic fatigue syndrome?

10. What is the effect, if any, of Aetna's having paid disability benefits for approximately six years based on the presence of a physical disability, chronic fatigue syndrome?

11. Did Aetna's failure to order the blood tests requested by its own physician constitute an anomaly?

12. Did Aetna's failure to consult the original physician, whom it had retained to perform an evaluation, to follow up his evaluation as he had suggested constitute a procedural anomaly?

13. Did Aetna's failure to obtain the requisite blood tests before making its final determination, after its own doctor requested them, constitute a procedural anomaly?

/s/
TIMOTHY J. SAVAGE, J.